# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.
                                No. CR 19-77 JOB

MICHAEL JAMES NISSEN,

    Defendant.

## MOTION FOR BILL OF PARTICULARS

Defendant Miichael James Nissen, by and through his attorneys, Kenneth A. Gleria and Jack Mkhitarian, pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure, moves the Court for its Order directing the Government to provide him a Bill of Particulars regarding the specific allegations contained in the Indictment in this matter, and as grounds therefore states as follows:

Federal Rule of Criminal Procedure 7(f) provides that the Court may direct the filing of a bill of particulars upon motion of a defendant. The purpose of a bill of particulars is to apprise the defendant of the nature of the charges, in such a way, so as to ensure that the he 1.) can prepare a defense, 2.) avoid prejudicial surprise at trial, and 3.) be protected against a second prosecution for the same alleged offenses in both the State and Federal Courts. United States v. Levine, 983 F.2d 165 (10th Cir. 1992). The determination as to whether a bill of particulars should be provided is within the sound discretion of the trial court. United States v. Rogers, 617 F. Supp. 1024 (10th Cir. 1985).

Michael Nissen is charged in a two-count January 10, 2019 Indictment with violations of 18 U.S.C. §875(c), Interstate Communications Containing a Threat to Injury the Person of Another. The Indictment fails to allege any overt acts allegedly committed by Michael Nissen

which constitute threats in interstate or foreign commerce. A Bill of Particulars is absolutely necessary for the Defendant to prepare for trial, and prevent prejudicial surprise at trial, and to avoid prosecution for the same alleged offenses in both the State and Federal Courts. Pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure, the Court has the authority and discretion to order a Bill of Particulars where the Indictment is insufficient to enable the Defendant to prepare a defense, avoid prejudicial surprise at trial, and to avoid the risk of double jeopardy. United States v. Birmley, 529 F.2d 103 (6th Cir. 1976).

  a. **Failure of Indictment Provide Adequate Notice of Crimes Charged**

Russell v. United States, 369 U.S. 749 763-64 (1962), states that an Indictment is only sufficient if it 1.) contains the elements of the charged offense, 2.) gives the defendant adequate notice of the charges, and 3.) protects the defendant against double jeopardy. The Indictment in this matter charges threats in interstate or foreign commerce. The indictment fails to give Michael Nissen adequate notice of the alleged crimes, and presents the risk of double jeopardy. Regarding the issue of notice, Russell requires that the Indictment in this case "sufficiently apprise the defendant of what he must be prepared to meet" Id. at 763. The January 10, 2019 Indictment is vague because it does not alleged any overt acts by Michael James Nissen. Furthermore, the information requested in the instant motion for a Bill of Particulars has not been disclosed in discovery provided by the Government. That discovery describes figurative language by Michael without accompanying acts in furtherance of alleged threats. The inadequacies of the January 10, 2019 Indictment limits Mr. Nissen's ability to prepare his defense, is thereby prejudicial to Mr. Nissen, and requires the Bill of Particulars as requested herein.

### b. Risk of Double Jeopardy

The Sixth and Fourteen Amendments to the constitution require that an indictment provides a defendant protection against double jeopardy, by enabling the defendant to plead an acquittal or conviction to bar future prosecution for the same offense Russell at 369 U.S. 749, 763-64 (1962). In this matter, it is possible that Mr. Nissen could successfully defend himself against the charges in the indictment, only to be again prosecuted for the same alleged offense conduct. For example, Mr. Nissen is currently charged in State of New Mexico, Bernalillo Metropolitan Court, with Use of a Telephone to Terrify, Intimidate, Harass, Annoy or Offend, and Harassment regarding the same alleged threats charged in count one of the January 10, 2019 Indictment. That case, State of New Mexico v. Michael James Nissen, No. T-4-DV-2018-003159, remains pending and is in active arrest warrant status. Therefore, the January 10, 2019 Indictment in its current form does not guarantee protection against double jeopardy. The requested Bill of Particulars will specify the alleged acts which the Government states constitute threats in interstate or foreign commerce. The information requested in this motion for a Bill of Particulars is necessary for Mr. Nissen to prepare his defense in this matter, and will further protect against the risk of double jeopardy.

The Court is urged to exercise its discretion and grant the Bill of Particulars requested by the Defendant regarding January 10, 2019 two-count Indictment which charges violations of 18 U.S.C. §875(c), Interstate Communications Containing a Threat to Injury the Person of Another. United States v. Dunn, 841 F.2d 1026 (10th Cir. 1988). By requiring the Government to file a Bill of Particulars, the Defendant can know more specifically what overt acts he is alleged to have committed, thus enabling him to prepare his
defense, avoid prejudicial surprise at trial, and avoid the risk of double jeopardy.

The necessity of affording the Defendant a fair trial, and pursuant to his rights under the Sixth And Fourteenth Amendments of the United States Constitution, requires that the Government provide a Bill of Particulars in this case.

WHEREFORE Defendant Michael James Nissen, respectfully moves the Court for its Order directing the Government to provide him a Bill of Particulars in this matter.

Respectfully submitted:

Electronically filed
Kenneth A. Gleria
Attorney for Michael James Nissen
1008 5th St. NW
Albuquerque, NM 87102
(505) 243-7843

I HEREBY CERTIFY that a copy of the foregoing was mailed/delivered to all counsel of record this 24th Day of April, 2019. Kenneth A. Gleria