IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Criminal No. 19-0077-JB |
| ) | |
| MICHAEL JAMES NISSEN, ) | |
| ) | |
| Defendant. ) | |

**UNITED STATES' RESPONSE TO DEFENDANT'S
MOTION FOR BILL OF PARTICULARS**

The United States respectfully submits this response to defendants Michael James Nissen ("Defendnat")'s motion for a bill of particulars, Doc. 22. The United States respectfully requests the Court deny the motion because it is untimely, or, alternatively, because it is meritless.

I.  The Motion Is Untimely.

Pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure, a defendant seeking a bill of particulars must do so "before or within 10 days after arraignment . . .." Fed. R. Crim. P. 7(f). A defendant must seek and receive permission from the court to move for a bill of particulars outside the 10-day time limit. *Id.* When a defendant is tardy in moving for a bill of particulars and fails to seek or receive an extension from the court, the court may summarily deny the motion as untimely. *See United States v. McKay*, 70 F. Supp. 2d 208, 211 (E.D.N.Y. 1999) ("Since [the defendant] has offered no factual circumstances to indicate good cause for extending the 10-day limit of Rule 7(f), [the defendant's] motion is denied as untimely); *United States v. Hazelrigg*, 2009 WL 3617562, at *2-*3 (D.S.D. Oct. 29, 2009) (affirming denial of

1

motion for bill of particulars in part because it was untimely filed three months after arraignment); *United States v. Orta-Rosario*, 2009 WL 1578956, at *3 (W.D.N.C. June 3, 2009) (noting that because the defendant filed a motion for a bill of particulars outside of the ten-day limit without seeking leave from the court, the court could summarily deny the motion as untimely).

Here, Defendant was arraigned on the instant indictment on January 15, 2019. Doc. 13. Defendant filed his motion on April 24, 2019, over three months later. Doc. 22. Despite undersigned counsel for the United States mentioning the timing requirement to counsel for Defendant, in person, when they sought the position of the United States on this motion, Defendant's four-page motion makes no mention of the timing requirement or provide any justification for the late filing. *Id*. The motion should be denied as untimely.

II. The Motion Is Meritless.

Defendant, in his motion, complains that the indictment does not set forth "overt acts." *Id*. at 1, 2 ("[the provided] discovery describes figurative language by Michael without accompanying acts…"), 3 ("the requested Bill of Particulars will specify the alleged acts"). As Defendant knows from reading the Complaint in this case, Defendant called New Mexico State Police ("NMSP") dispatch several times on November 2, 2018 after being pulled over by an NMSP officer, and said "you guys got some of the stupidest fucking pigs on the road. The next time someone violates me like that on the road, I'm gonna put a bullet in that fucking pig's head." Doc. 1, p. 3. Then, on November 26, 2018, Defendant called an NMSP administrative assistant and threatened to shoot *them* in the head. *Id*. Then, on December 13, 2018, Defendant spoke with Bernalillo County Sheriff's Deputies and told them he carries a revolver

on the streets to protect himself from "rogue state cops." *Id* at 3-4.

Either Defendant does not understand the concept of a verbal act (which such threats are), or he believes that the United States is required to prove *physical* acts to carry out a threat for the threat itself to violate 18 U.S.C. § 875(c) (which it does not). Either way, his complaints about the language in the indictment should not persuade the Court to order further disclosures for two reasons: 1) the language on the face of the indictment is legally sufficient, and 2) discovery provided by the United States (including but not limited to the Complaint) has already provided Defendant with the information he seeks that is not contained in the four corners of the indictment.

      A.     The Indictment Is Facially Sufficient.

Federal Rule of Criminal Procedure 7(c)(1) states that an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged . . .." Fed. R. Crim. P. 7(c)(1). An indictment is only held to a minimal constitutional standard; a defendant only need be placed on notice of the charges against him. *United States v. Edmonson,* 962 F.2d 1535, 1541 (10th Cir. 1992). An indictment is sufficient if it (1) contains the elements of the charged offense and fairly informs a defendant of the charge against which he must defend, and (2) enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense. *Hamling v. United States*, 418 U.S. 87 (1974); *United States v. Chisum*, 502 F.3d 1237, 1244 (10th Cir. 2007); *United States v. Bedonie*, 913 F.2d 782, 790 (10th Cir. 1990). Tracking the language of the statute is generally sufficient as long as the indictment sets forth the elements of the offense and provides a statement of facts that informs the defendant of the specific offense. *See Hamling*, 418 U.S. at 117-18; *United States v. Dunn*, 841 F.2d 1026,

1029 (10th Cir. 1988). An indictment need not, however, allege in detail the factual proof that the government will rely on to support the charges. *Dunn*, 841 F.2d at 1029.

Despite the lack of evidentiary specificity required in the indictment, Federal Rule of Criminal Procedure 7 allows the court to direct the government to provide the defendant with a bill of particulars. Fed. R. Crim. P. 7(f). The purpose of a bill of particulars is to "inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense." *United States v. Levine*, 983 F.2d 165, 166-67 (10th Cir. 1992) (internal citations and quotations omitted). "A bill of particulars is not necessary if the indictment sets forth the elements of the offense charged and sufficiently apprise[s] the defendant of the charges to enable him to prepare for trial." *Id.* at 167 (internal citations and quotations omitted). "The defendant is not entitled to notice of all of the evidence the government intends to produce[.]" *Id*. ( internal citations and quotations omitted).

Here, the indictment cites the particular statutes for the charged crimes and generally tracks the language of the respective statutes. The indictment also includes the dates of the illegal activity, the place where the crime occurred, and the allegation of a threat to injure the person of another. *Dunn*, 841 F.2d at 1029 (affirming denial of motion for a bill of particulars in a drug case where the indictment tracked the statutory language and included the dates of illegal activity, place, and specific controlled substance). Furthermore, although the indictment does not allege any overt acts *in furtherance of* the plan defined by the threats, it is not required to do so. *United States v. Shabani*, 513 U.S. 10 (1994). Accordingly, the indictment provides enough information for Defendant to avoid surprise and to bar the risk of double jeopardy.

Defendant clearly seeks more than he is entitled to even if the motion had been timely filed. The function of bill of particulars is not to seek evidentiary detail. *Dunn*, 841 F.2d at 1029. A bill of particulars under Rule 7(f) is not a discovery tool and is not intended to allow defendants a preview of evidence. *Id*.

Nor should the Court be persuaded that Defendant might be subject to double jeopardy based on his pending state charge in case T-4-DV-2018-003159. As Defendant is aware, he is not charged in the State of New Mexico with affecting interstate commerce by his violent threats, as he is here. "The long-standing touchstone of double jeopardy jurisprudence is that 'where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.'" *United States v. Strum*, 673 F.3d 1274, 1287 (10th Cir. 2012) (quoting *Blockburger v. United States* 284 U.S. 299, 304 (1932)). The Supreme Court has clarified since *Blockburger* that "statutory provisions" in that context refers to different statutes, and not separate subsections of the same statute. *United States v. Patterson*, 760 F.Supp.2d 1116 (DNM 2009) (Browning, J.) (citing *Sanabria v. United States*, 437 U.S. 50, 74 n. 24 (1978). Some other circuits use a different standard to determine if certain counts subject a defendant to double jeopardy. For instance, the Ninth Circuit uses the "inherent relationship" test, which examines whether the same evidence could be used to prove both counts. *See United States v. Stolarz*, 550 F.2d 488 (9th Cir. 1977). The Tenth Circuit explicitly disapproves of that approach. *See United States v. Horn*, 946 F.2d 738 (10th Cir. 1991) (possession was not a lesser included offense of conspiracy because elements of possession were not required to prove conspiracy). Here, because the state charge against Defendant does not

require an effect on interstate commerce, and the federal charge requires neither the use of a telephone nor a motive to terrify, intimidate, harass, annoy, or offend, Defendant is not twice put in jeopardy for the same offense when he is (potentially, in the future) punished under both statutes, even if he is punished in each for making the exact same phone call in which he threatened to shoot people in the head.

      B.      Discovery Has Provided Defendant With Everything To Which He Is Entitled.

Where the government has provided full discovery which apprises the defendant of the charges, no more specific facts need be provided through a bill of particulars. *United States v. Kunzman*, 54 F.3d 1522, 1526 (10th Cir. 1995) (affirming denial of motion for bill of particulars where the government had provided the defendant with full discovery, which was "sufficient to inform [the defendant] of the charges against him and to enable him to prepare his defense"); *United States v. Canino,* 949 F.2d 928, 949 (7th Cir.1991), *cert. denied,* 504 U.S. 910 (1992) (A bill of particulars is not required where the information necessary for one's defense can be obtained through some other satisfactory form); *see also United States v. Hajduk*, 370 F. Supp. 2d 1103, 1112 (D. Colo. 2005) ("The Tenth Circuit has consistently held that full discovery can obviate the need for a bill of particulars."); *United States v. Hernandez-Sendejas,* 268 F. Supp. 2d 1295, 1302 (D. Kan. 2003) (denying motion for a bill of particulars where the government had already provided the defendant with "voluminous discovery in th[e] case and ha[d] provided specific incident reports that relate[d] to particular counts against the defendant. . . . sufficient to allow the defendant to adequately prepare his defense, to avoid surprise at trial, and to avoid double jeopardy").

Here, Defendant has been provided with 292 pages of reports and related documents (such as the Complaint and a criminal history report), 80 photos, surveillance video, lapel camera video, audio recordings of interviews, and audio recordings of phone calls (including but not limited to the November 2, 2018 and November 26, 2018 phone calls in which Defendant threatened to shoot various people in the head). There is no genuine mystery as to what Defendant did that caused him to be charged here. In fact, to date, the United States has provided Defendants with all the evidence it possesses and will continue to disclose any additional evidence obtained. As a result, Defendant cannot credibly claim that he lacks information to effectively prepare his defense. Similarly, Defendant has not provided any showing of how he would be prejudiced absent a bill of particulars in light of this comprehensive discovery. The government is not required to parse through the discovery and highlight specific activities or details that prove each element of the offense. Defendant's non-specific request seeks evidentiary detail not subject to a bill of particulars.

The sheer amount of discovery provided in this case goes well beyond the minimum level of detail necessary to prepare a defense and to avoid surprise. The government is not obligated to go further and provide the additional information Defendant requests. By providing complete discovery containing sufficient information for him to prepare a defense, the government has provided Defendant "the tools necessary to anticipate and forestall any surprise that might [result] from the indictment." *See United States v. Ivy*, 83 F. 3d 1266 (10th Cir. 1996). It is Defendant's responsibility to use this information in preparing his defense, regardless of amount of discovery and the difficulty of the task. *Id.*

III.   Conclusion.

Wherefore, for the foregoing reasons, the United States respectfully requests this Court deny Defendant's Motion for Bill of Particulars, Doc. 22.   The filing of this motion response in CM/ECF caused a copy to be served on Kenneth Gleria, Esq. and Jack Mkhitarian, Esq., counsel for Defendant.

Respectfully submitted,

JOHN C. ANDERSON
United States Attorney

*Electronically filed April 28, 2019*
PAUL MYSLIWIEC
Assistant United States Attorney
P.O. Box 607
Albuquerque, New Mexico   87103
(505) 346-7274