# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

                                  No. 19-CR-00077-JB

vs.

**MICHAEL NISSEN,**

      **Defendants.**

## MOTION TO DISMISS INDICTMENT FOR LACK OF JURISDICTION

Defendant, Michael Nissen, by and through his attorneys Jack Mkhitarian and Kenneth A. Gleria, hereby moves the Court to dismiss both Counts of the Indictment as no facts as alleged in the criminal complaint, indictment, or discovery establish that Mr. Nissen's communications traveled through interstate commerce as required by 18 U.S.C.A. § 875.

1. In the criminal complaint filed December 12, 2018 (Doc. 1). Michael Nissen is alleged to have made several threats by telephone on November 2, 2019 and November 26, 2018.

2. 18 U.S.C.A. § 875 requires threats to be transmitted in interstate or foreign commerce.

3. Paragraph 11 of the criminal complaint (Doc. 1) does not affirmatively assert that any of Mr. Nissen's alleged threats by phone were transmitted in interstate or foreign commerce.

## LAW AND AUTHORITY FOR DISMISSAL FOR LACK OF JURISDICTION

Prosecutions under 18 U.S.C. s 875(c) require proof of a transmission in interstate commerce. *United States v. Oxendine*, 531 F.2d 957, 957 (9th Cir. 1976). A conviction for federal extortion under section 875(c), which requires interstate communication, requires proof that the threatening communication was actually transmitted across state lines. *Id.* With respect to such interstate movement, the government must introduce sufficient evidence to satisfy its burden of proof. *United*

*States v. Schaefer*, 501 F.3d 1197, 1205 (10th Cir. 2007) <u>overruled by</u> <u>United States v. Sturm on different grounds</u>, 672 F.3d 891 (10th Cir. 2012).

In a nutshell, "the trial court decides the jurisdictional status of a particular property or area and then leaves to the jury the factual determination of whether the alleged crime occurred at the site." *United States v. Roberts*, 185 F.3d 1125, 1139 (10th Cir. 1999). The first question -- "the legal issue of jurisdiction" –is the Government's burden to prove, but only by a preponderance of the evidence. *Id.*

> The party seeking to invoke the jurisdiction of a federal court must demonstrate that the case is within the court's jurisdiction. The facts supporting jurisdiction must be affirmatively alleged, and if challenged, the burden is on the party claiming that the court has subject matter jurisdiction. [The Government] . . . has the burden of persuading this court by a preponderance of the evidence that the court has jurisdiction.

*United States v. Bustillos*, 31 F.3d 931, 933 (10th Cir. 1994) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). The second question – "the factual question of [the] locus of the offense" – must be proven to the jury beyond a reasonable doubt. *Roberts*, 185 F.3d at 1139.

As the above-quoted excerpt from *Bustillos* suggests, once the Government has alleged territorial jurisdiction in its indictment, the Court is not obligated to (although it may sua sponte) make further inquiry into the jurisdictional status of the alleged locus of the crime unless the defendant challenges it – which the defendant does by way of a Rule 12(b)(2) motion. "A motion that the Court lacks jurisdiction may be made at any time while the case is pending" and is not subject to the pretrial-motions deadline. Fed. R. Crim. P. 12(b)(2).

## **ARGUMENT**

2

The only reference to communications possibly travelling in through interstate commerce provided to the Defendant come from paragraph 11 of the criminal complaint (Doc 1). Paragraph 11 of the criminal complaint states:

> T-Mobile uses a cellular network on a GSM carrier with equipment physically located throughout the country. T-Mobile is headquartered in Bellevue, Washington. Based on my training and experience, even when individual's are physically located in the same state, it is common for their cellular phone communications to cross state lines based on the cellular provider's communication infrastructure and network efficiency.

Paragraph 11 of the criminal complaint does not affirmatively allege that Mr. Nissen's telephone calls actually crossed State lines in interstate commerce. The allegation only weakly assumes that such communications commonly cross state lines without proffering any evidence in the complaint or through the discovery process that Mr. Nissen's telephone calls actually crossed State lines in interstate commerce.

## **CONCLUSION**

Unless the Government comes forward with documents demonstrating that telephone calls made by Michael Nissen traveled across State lines in interstate commerce, the Government will have failed to meet its burden of proving to the Court that Mr. Nissen's communications were transmitted in interstate or foreign commerce as required by 18 U.S.C. § 875(c). For these reasons, the Court must dismiss this case for lack of subject matter jurisdiction.

Respectfully submitted:

Electronically filed
Jack Mkhitarian
Attorney for Jason Michael Nissen
1008 5th St. NW
Albuquerque, NM 87102
(505) 200-2982

I HEREBY CERTIFY that a copy of the foregoing was mailed/delivered to all counsel of record this 15th day of May 2019.  Jack Mkhitarian