# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MICHAEL NISSEN, )<br>)<br>Defendant. ) | Case No. 19-CR-77-JB/SCY |

## UNITED STATES' RESPONSE TO DEFENSE MOTION TO RECONSIDER DETENTION

The United States respectfully files this response to defendant Michael Nissen ("Defendant")'s Motion to Reconsider Detention Order, Doc. 26. On December 21, 2018, Judge Yarbrough held a detention hearing. Doc. 9 (clerk's minutes). After that hearing, he entered an Order of Detention in this case. Doc. 10. The United States contends that nothing material has changed since the Order of Detention was entered, nor was there any error in its entry, nor any injustice created thereby.

### Legal Standard and Analysis

Though a magistrate may reopen a detention hearing, he may only do so if he "finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person and the safety of the community." 18 U.S.C. § 3142(f)(2). *See also* Order Denying Opposed Motion to Set Conditions of Release, *United States v. Manuel Solis-Zetino*, 18-CR-2668-JCH/LF, Doc. 58. "A Court may grant a motion to reconsider only if it has misapprehended the facts or law, a party's position, or to correct clear error or prevent

manifest injustice." *Solis-Zetino*, Doc. 58 at p. 3, citing *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Here, the United States cannot discern any new fact being asserted by Defendant that was not available at the time of the original detention hearing. *See* Doc. 26. Nor does the Motion to Reconsider appear to claim any misapprehension of the facts or law by Judge Yarbrough. The Motion to Reconsider does not even appear to allege manifest injustice if remand is continued. Rather, Defendant simply asserts his belief that he "is not an unmanageable danger to the community, and does not pose a risk of non-appearance in Court." Doc. 26, p. 2.

The United States disagrees with that assertion, but more important than the opposing party's disagreement is the movant's failure to plead any of the three permissible avenues to reconsideration. Because Defendant has not alleged any material new facts, has not accused Judge Yarbrough of misapprehension of any fact or law, and has not so much as alleged manifest injustice if remand is continued, this Motion to Reconsider should, and perhaps even must, be denied. The filing of his motion response in CM/ECF caused a copy to be served on Kenneth A. Gleria, Esq., and Jack Mkhitarian, Esq., counsel for Defendant.

    Respectfully submitted,

    JOHN C. ANDERSON
    United States Attorney

    *Electronically filed May 23, 2019*
    PAUL MYSLIWIEC
    Assistant United States Attorney
    P.O. Box 607
    Albuquerque, New Mexico 87103
    (505) 346-7274