IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 19-CR-77-JB |
| vs. ) | |
| ) | |
| MICHAEL NISSEN, ) | |
| ) | |
| Defendant. ) | |

**UNITED STATES' RESPONSE TO DEFENSE MOTIONS TO DISMISS INDICTMENT**

The United States respectfully files this response to defendant Michael Nissen ("Defendant")'s motions to dismiss the indictment for lack of jurisdiction, Doc. 24, and on free speech grounds, Doc. 25, respectively. Neither of Defendant's challenges to the charging document has merit, and both should be denied. The United States will respond to each motion in turn.

First, Defendant claims that this Court lacks jurisdiction over Defendant's telephoned threats because, at the pleading stage the United States has not shown the Court "documents demonstrating that telephone calls made by Michael Nissen traveled across State lines…." Doc. 24, p. 3. Defendant's challenge is premature. As the Tenth Circuit made clear in *United States v. Kammersell*, the jurisdictional element of 18 U.S.C. § 875(c) can be met solely on the route of transmission, where sender and recipient were both in the same state. 196 F.3d 1137 (10th Cir. 1999). A threat that was transmitted over interstate telephone lines falls within the literal scope of 18 U.S.C. § 1291 and gives rise to federal jurisdiction. There is no requirement that the threat actually be received or seen by anyone out of state. *Id*. at 1139. Here, Defendant admits the

United States has alleged interstate travel of the communications in question in the original Complaint. The United States is prepared to demonstrate to the Court evidence that the communications in question meet the *Kammersell* standard.

Specifically, the United States is willing and able to demonstrate that the calls made by Defendant to the New Mexico State Police were routed by T-Mobile through switch TTAS005, and that switch TTAS005 is located in Plano, Texas. Thus, the calls at issue in this case originated in New Mexico, were routed by T-Mobile through Texas, then were received in New Mexico. *See* Ex. 1.

Neither is there any deficiency in the pleading in the indictment. Here, the indictment alleges Defendant "transmitted in interstate and foreign commerce" his threats. That is a sufficient pleading. As the Tenth Circuit has noted in *United States v. Moore*, "[t]he language of the indictment tracks the language of the statute, and such fact is ordinarily sufficient in itself to defeat an attack on the sufficiency of the indictment." 556 F.2d 479, 482 (10th Cir. 1977). The Tenth Circuit also commented explicitly that "[t]he sufficiency of an indictment must be determined on the basis of practical rather than technical consideration, and hair splitting is to be eschewed." *Id*. at 483. Defendant's complaints about the pleading of the indictment do not entitle him to its dismissal for lack of jurisdiction.

Next, Defendant contends that he has a free-speech right to threaten in interstate commerce to shoot people in the head. Doc. 25. He does not. Defendant correctly notes that the government may regulate true threats. *Id*. at 2-3. Defendant is also correct to note that whether his threats to shoot police officers in the head are true threats is a matter for the jury to decide.

*Id*. at 3. At trial, the United States will prove beyond any reasonable doubt that Defendant made true threats in interstate commerce to injure the person of another, and thus is guilty as charged.

For those reasons, the United States respectfully requests the Court deny both of Defendant's motions to dismiss the indictment. The filing of his motion response in CM/ECF caused a copy to be served on Kenneth Gleria, Esq., and Jack Mkhitarian, Esq., counsel for Defendant.

    Respectfully submitted,

    JOHN C. ANDERSON
    United States Attorney

    *Electronically filed May 28, 2019*
    PAUL MYSLIWIEC
    Assistant United States Attorney
    P.O. Box 607
    Albuquerque, New Mexico 87103
    (505) 346-7274