IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Criminal Case No.: 19-CR-77-JB |
| **MICHAEL NISSEN**, | ) | |
| Defendant. | ) | |

**MOTION IN LIMINE AND NOTICE OF INTENT
TO INTRODUCE EVIDENCE OF PRIOR BAD ACTS
PURSUANT TO FEDERAL RULE OF EVIDENCE 404(b) OR AS *RES GESTAE***

Pursuant to Rule 16 of the Federal Rules of Criminal Procedure, the United States hereby provides notice of its intention to introduce evidence of other crimes, wrongs or acts of the Defendant pursuant to Federal Rule of Evidence 404(b) or as *res gestae*, and moves this Court to make pre-trial findings that such evidence may be introduced.

**I.     Facts.**

The indictment charges Defendant with two counts of Threatening Interstate Communications in violation of 18 U.S.C. § 875(c) – Count 1 for a phone call Defendant made on November 2, 2018, and Count 2 for a phone call he made on November 26, 2018. On November 2, 2018, Defendant was traffic stopped by New Mexico State Police ("NMSP") officer Jordan Burd. Apparently upset about that occurrence, Defendant called NMSP dispatch three times later the same day. Dispatcher Victoria Gurule answered those three calls. In one of the calls, Defendant said that the officer who stopped him had violated his rights, and the next time an officer violated his rights, he would shoot the officer.

On November 26, 2018, perhaps because he was upset about the legal process following the traffic stop, Defendant called NMSP employee Barbara Beuzekom and threatened to shoot *her*.

Then, on November 27, 2018, Defendant called the Torrence County Magistrate Court, at which he had a court date relating to the traffic stop, and was verbally abusive (but not directly threatening) to employee Susan Rossignol.

On December 11, 2018, Defendant went to the NMSP office, in disguise, giving a fake name. NMSP employee Barbara Beuzekom recognized him, despite his disguise. Defendant left a suspicious package at the NMSP office, and in response the NMSP called in their Bomb Squad and evacuated the building.

On December 19, 2018, NMSP officers served a search warrant on Defendant's house, recovering numerous firearms, including both a shotgun and a Smith & Wesson handgun he referenced in the charged threat phone calls.

## II.     The Federal 404(b) Standard.

The Federal Rules of Evidence permit the admission of evidence of "prior bad acts," unless they are offered "solely to prove a defendant's criminal disposition." *United States v. Naranjo*, 710 F.2d 1465, 1467 (10th Cir. 1983). Rule 404(b) is an inclusive rule and evidence of prior bad acts is to be admitted when it proves something other than criminal propensity and bad character, even if the evidence also demonstrates propensity. *See United States v. Moran*, 503 F.3d 1135, 1145 (*citing United States v. Cherry*, 433 F.3d 698, 701 (10th Cir. 2005); and *United States v. Tan*, 254 F.3d 1204, 1208 (10th Cir. 2001)). Generally, bad acts are offered to show motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Fed. R. Evid. 404(b). The Tenth Circuit employs a four-part test to determine if evidence is admissible under 404(b): (1) the evidence must be offered for a proper purpose; (2) the evidence must be relevant; (3) the trial court must make a Rule 403 determination of whether the probative value of the similar acts is substantially outweighed by its potential for unfair prejudice; and (4) pursuant

to Rule 105, the trial court shall, upon request, instruct the jury that evidence of similar acts is to be considered only for the proper purpose for which it was admitted. *United States v. Smalls*, 752 F.3d 1227, 1237 (10th Cir. 2014). Knowledge, Intent, Preparation, Plan, and Absence of Mistake are proper purposes for introducing evidence of prior bad acts. Fed. R. Evid. 404(b).

**III.    Analysis.**

The United States hereby gives notice that it intends to introduce bad acts evidence of 1) the November 2, 2018 traffic stop, 2) the November 27, 2018 phone call to Torrence County Magistrate Court, 3) the encounter and conduct leading to the December 11, 2018 bomb scare at NMSP, and 4) the December 19, 2018 possession of firearms apparently including those he referenced in the charged threats.

**A.    The Evidence is Relevant.**

Relevant evidence is that which tends to "make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." Fed. R. Evid. 401. "Relevant evidence is not confined to that which directly establishes an element of the crime." *United States v. Gonzalez,* 110 F.3d 936, 941 (2nd Cir. 1997). Instead, to be relevant, "evidence need only tend to prove the government's case, and evidence that adds context and dimension to the government's proof of the charges can have that tendency." *Id.*

To prove Threatening Interstate Communications, the United States must prove beyond a reasonable doubt that the threat(s) in question was intended to be taken as a threat or that the defendant knew it would be taken as a threat[1]. Evidence that Defendant actually was traffic stopped is relevant to explain the encounter Defendant was originally complaining about when he

---

[1] Tenth Circuit Criminal Pattern Jury Instruction 2.37.1, second element.

3

made the threats charged in Count 1. Evidence concerning the proper conduct of Officer Burd in performing that traffic stop is relevant to counter the arguments Defendant has telegraphed that his threats were not true threats because they were conditioned on illegal treatment by police officers. This goes to lack of mistake – Defendant was complaining about a traffic stop that really happened. It also explains Defendant's motive, and intent to threaten.

Evidence that Defendant called a courthouse to complain about the traffic stop resulting in his pending court date is relevant to his lack of mistake in making threats to the police about that November 2, 2018 encounter – instead, he called and made those threats on purpose, and had specific potential future legal consequences (the court date) that he was upset about. He may also have had a motive in making those threats to get out of the potential legal consequences that could follow the court date.

Evidence that Defendant appeared at the NMSP office, in disguise, giving a fake name, and leaving a mysterious package that caused NMSP to call out the bomb squad, is relevant to Defendant's motive and intent – to frighten. It turns out the package contained a jug of sugar water with flowers in it, and many pages of sovereign citizen promotional material – it was not a bomb. But the manner in which Defendant arrived, placed the mysterious package, and left, is relevant to his *intent* to frighten – his desire that his words and actions be taken as a true threat, his desire to be taken seriously. It is also potentially relevant to his lack of mistake that the charged direct threats of violence *be received and understood* as threats.

Defendant's possession of multiple firearms on December 19, 2018 was not in and of itself illegal. But possessing both a shotgun and a Smith & Wesson handgun, apparently the same firearms he referenced in the charged threats, is relevant to his intent to be taken seriously and for his threats to be understood as true threats. And, because Officer Burd had seen Defendant's

4

shotgun during the November 2, 2018 traffic stop, referencing firearms in his threatening phone calls is relevant to his lack of mistake as to the knowledge that those receiving the threats would take them to be true threats.

> **B.  The Probative Value of the Evidence is not Substantially Outweighed by Unfair Prejudice.**

Under Fed. R. Evid. 403, this Court must weigh the probative value of the proffered evidence against its potential for unfair prejudice. *United States v. Record*, 873 F.2d 1363, 1375 (10th Cir. 1989). Evidence is not unfairly prejudicial simply because it is damaging to the Defendant's case. *United States v. Martinez*, 938 F. 2d 1078, 1082 (10th Cir. 1991). Evidence is unfairly prejudicial if it makes a conviction more likely because it provokes an emotional response from the jury or otherwise tends to affect adversely the jury's attitude toward the defendant wholly apart from its judgment as to his guilt or innocence of the crime charged. *United States v. Rodriguez*, 192 F.2d 946, 951 (10th Cir. 1999). The evidence in this case is prejudicial, but the prejudice is fair. The sole purpose of the evidence is to establish the Defendant's knowledge, intent, preparation, plan, and to demonstrate the absence of mistake or accident. Whatever prejudice stems from the relevant testimony can be moderated by cautionary instructions from the Court at the time of the admission of the evidence and, if requested, again in the final charge to the jury at the close of the case. *Record,* 873 F.2d at 1376.

There is nothing about the original traffic stop, the menacing phone calls to the Torrence County Magistrate Court, the NMSP bomb scare event, or the possession of firearms that should provoke an emotional response from the jury that would make it hard for them to render a fair verdict. The prior conduct does not include violence or direct threats. But it does help *explain* the charged conduct and Defendant's motive, intent, and lack of mistake when he performed that

5

conduct.

      **C.    The Court May Instruct the Jury Only to Consider the Evidence for a Limited Purpose.**

Should Defendant so request, the United States does not object to a limiting instruction directing the jury that they can only consider the prior bad acts to establish Defendant's motive, intent, and absence of mistake.

**III.    GROUNDS FOR INTRODUCTION OF THE EVIDENCE AS *RES GESTAE* OR INTRINSIC EVIDENCE**

An additional proper purpose to introduce the above-described facts at trial is as *res gestae* or intrinsic evidence. *Res gestae* or intrinsic evidence has been defined as those other acts that are inextricably intertwined with the charged offense or those acts, the telling of which is necessary to complete the story of the charged offense. *United States v. Sangiovanni*, No. CR 10-3239 JB, 2013 WL 1655918, at *10 (D.N.M. March 20, 2013) (Browning, J.) (citing *United States v. Hardy*, 228 F.3d 745, 748 (6th Cir. 2000)). The Tenth Circuit has held that other act evidence is intrinsic when the evidence of the other act and the evidence of the charged crime are inextricably intertwined or both acts are part of a single criminal episode or the other acts were necessary preliminaries to the crime charged. *United States v. Irving*, 665 F.3d 1184, 1212 (10th Cir. 2011).

As noted by the *Sangiovanni* Court, the Tenth Circuit in *United States v. McVeigh*, 153 F.3d 1166, 1203 (10th Cir. 1999) described *res gestae* evidence as "inextricably intertwined with proper evidence." See *Sangiovanni*, 2013 WL 1655918, at *10. Quoting *Hardy*, 228 F.3d at 748, the Court went on to explain:

> Proper background evidence has a causal, temporal or spatial connection with the charged offense. Typically, such evidence is a prelude to the charged offense, is directly probative of the charged

> offense, arises from the same events as the charged offense, forms an integral part of a witness's testimony, or completes the story of the charged offense.

*Id*. at *11.

Evidence of the original November 2, 2018 traffic stop is necessary to the jury's understanding of Defendant's charged threats complaining about that traffic stop, threatening to shoot people if Defendant is traffic stopped again, and expressing upset about the court date resulting from that traffic stop. Such evidence is a prelude to the charged offense, is directly probative of the charged offense, and thus, completes the story of the charged offense. The evidence is therefore, "inextricably intertwined with proper evidence." *Sangiovanni*, 2013 WL 1655918, at *10. "But even relevant intrinsic evidence must still satisfy the requirements of Federal Rule of Evidence 403: a district judge may exclude it 'if its probative value is substantially outweighed by a danger of . . . *unfair* prejudice.' Fed. R. Evid. 403 (emphasis added)." *United States v. Hood*, 774 F.3d 638, 644 (10th Cir. 2014).

Tenth Circuit law "*favors* admission of all relevant evidence not otherwise proscribed; thus, exclusion under this rule [403] is 'an extraordinary remedy [that] should be used sparingly' *United States v. Rodriguez*, 192 F.3d 946, 949 (10th Cir.1999)." *Irving*, 665 F.3d at 1213. The appropriate inquiry is not whether the challenged evidence is essential to the case; instead, it is the one dictated by Rule 403 itself: whether the evidence's probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. *Id.*

Even if the evidence were to adversely affect the jury's attitude toward the Defendant, such prejudice does not "substantially" outweigh its probative value. *See Irving*, 665 F.3d at

7

1213-14 (even if the evidence is unfairly prejudicial, it must *substantially* outweigh the probative value of the evidence in order to be excluded under Rule 403). Evidence that Defendant actually was traffic stopped, and that in the view of the stopping officer the Defendant's rights were properly respected, that is not substantially prejudicial because there is no serious social stigma involved in being traffic stopped by police in modern America. Any prejudice that may come from introducing such evidence is not substantial. Thus, the *res gestae* evidence of the November 2, 2018 traffic stop should not be excluded under Rule 403.

**IV.     CONCLUSION**

For the foregoing reasons, the United States respectfully requests that this Court allow the above-described evidence to be offered in the prosecution's case-in-chief. The electronic filing of this document in CM/ECF caused a copy to be served electronically on Kenneth Gleria, Esq., and Jack Mkhitarian, Esq., counsel for Defendant.

    Respectfully submitted,

    JOHN C. ANDERSON
    United States Attorney

    *Electronically filed July 29, 2019*
    PAUL J. MYSLIWIEC
    ALEXANDER M.M. UBALLEZ
    Assistant United States Attorneys
    Post Office Box 607
    Albuquerque, New Mexico 87103
    (505) 346-7274