IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Criminal Case No.: 19-CR-77-JB ) |
| **MICHAEL NISSEN**, | ) ) |
| Defendant. | ) ) |

## UNITED STATES' PROPOSED *VOIR DIRE*

The United States respectfully requests the Court to allow counsel for the United States to ask the following questions in its examination of prospective jurors. The United States further requests to pursue more detailed questioning, if additional inquiry is appropriate, and to conclude with an inquiry as to whether particular facts or circumstances would influence a juror in favor or against either the United States or the defendant. Additionally, the United States requests that the Court invite prospective jurors to approach the bench to respond outside the hearing of the rest of the panel if they so desire.

### A. Knowledge of trial participants

1. The defendant in this case is Michael Nissen. Does any juror know Mr. Nissen or has any juror had any dealings with Mr. Nissen?

2. Does any juror have any relatives, friends, or associates who know or who have had any dealings with Mr. Nissen?

3. The defendant in this case is represented by Kenneth Gleria and Jack Mkhitarian. Do any jurors know of, or have any past or present dealings with Mr. Gleria or Mr. Mkhitarian?

4. The United States is represented by the U.S. Attorney's Office for the District of New Mexico with John C. Anderson, the Attorney for the United States. The conduct of the trial

will be in the immediate charge of Assistant United States Attorneys Paul Mysliwiec and Alexander Uballez. Do any of you know Mr. Anderson, Mr. Mysliwiec, or Mr. Uballez, or have past or present dealings with them?

  5. There will be witnesses in this case from the Federal Bureau of Investigation ("FBI") and the New Mexico State Police ("NMSP"). Does anyone here know someone connected with any of these agencies? If so, discuss.

  6. During the trial, the following witnesses might be called:

   1. Special Agent Peter Ubbelohde, Federal Bureau of Investigation ("FBI");
   2. Task Force Officer Wesley Cox, FBI;
   3. Officer Jordan Burd, New Mexico State Police ("NMSP");
   4. Dispatcher Victoria Gurule, NMSP;
   5. Sergeant Steven Carroll, NMSP;
   6. Barbara Beuzekom, NMSP;
   7. Lieutenant Rudy Real, NMSP;
   8. Officer Juan Cordova, NMSP;
   9. Susan Rossignol, Torrence County Magistrate Court;
   10. Officer Rudy Graham, NMSP Bomb Squad;
   11. Detective Jesse Cash, Bernalillo County Sheriff's Office;
   12. Officer Mitch Bengston, NMSP;
   13. [Records Custodian], T-Mobile.

Does anyone know any of the potential witnesses? Have any of you had dealings, either directly or indirectly, with any of these individuals or the businesses/agencies with which they are affiliated?

**B.** **Relationships and associations**

  1. Is any juror related to anyone who works in the United States Attorney's Office?

2. Does anyone work with or socialize with anyone who works for the United States Attorney's Office?

3. Aside from the United States Attorney's Office, is anyone friends with or related to an attorney who practices criminal law as a prosecutor or as a defense attorney?

4. Does anyone work for a law enforcement agency? If so, where do you work and what does your job entail?

5. Are any jurors, or their relatives or close friends, employed – or have specialized training, or experience – in the following areas:

   a. Telephone communications?

   b. Law enforcement?

   c. Criminal defense?

**C.** **Attitude toward law enforcement**

1. Does anyone here have any bias or prejudice in favor of or against the United States Attorney's Office?

   a. Despite that bias would you be able to fairly evaluate the evidence presented to determine whether the defendant is guilty as charged?

2. Does anyone here have any bias or prejudice in favor of or against the FBI?

   a. Despite that bias, would you be able to fairly evaluate the evidence presented to determine whether the defendant is guilty as charged?

3. Does anyone here have any bias or prejudice in favor of or against the NMSP?

   a. Has anyone here taken part in the demonstrations or protests against the NMSP?

   b. Despite your history of protests or any bias you might have, would you be able to fairly evaluate the testimony and/or evidence from an NMSP officer?

4. Has anyone had a bad experience with any type of law enforcement officer? Describe your experience.

    a. Can you promise to not let any past bias influence you in any way?

5. Do you agree with the premise that there are good law enforcement officers who do thorough investigations?

6. Is there any member of this jury panel who would not believe the sworn testimony of a federal agent solely because he or she is an agent?

7. Is there any member of this jury panel who would not believe the sworn testimony of a police officer solely because he or she is an officer?

8. Is there anyone who has a general distrust of the government? Discuss.

    a. Despite that distrust, would you be able to fairly evaluate the evidence presented to determine whether the defendant is guilty as charged?

9. Outside of the protests previously discussed, has anyone been involved in protests to oppose any sort of government action? Discuss.

10. Has any juror, or a member of his or her family, either as an individual or in the course of business, ever been a party to any legal action or dispute with the United States or any of the officers, departments, agencies, or employees of the United States? Has anyone had an interest in any such legal action or dispute and its outcome?

**D.** **Media**

1. Has any juror heard or read anything about this case?

    a. When did you read or hear about this case? Was it from a media source such as a newspaper, TV or radio, the Internet, or was it from some other source?

    b. If your source was the Internet, how do you evaluate whether a site is trustworthy and/or reliable?

c. Will you be able to decide this case solely upon the evidence presented, as opposed to deciding it based on anything you may have seen or heard about previously?

**E.** **Prior jury service**

1. Has any juror ever served as a member of a grand jury, whether in federal, state, county or city court? If so, when and where did you serve?

2. Has anyone ever served as a juror in any court in a civil or a criminal case?

   a. Was it in a state or federal court?

   b. Was the case criminal or civil?

   c. When did you serve?

   d. Were you ever the foreperson?

   e. Was a verdict reached? What was the verdict?

   f. If you served as a juror in a criminal case, did that affect the way you think or feel about the justice system or the roles of prosecutors and defense attorneys?

   g. Is there any aspect of your prior service as a juror that would lead you to feel some prejudice or sympathy for or against either party in this case?

   h. Is there any aspect of your prior service that would affect your ability to sit as a juror in this case?

3. Does anyone believe the judicial system is unfair?

   a. If so, explain why you feel it is unfair.

   b. Would these feelings prevent you from being fair and impartial in this case?

4. Is any juror related to or acquainted with anyone on the jury panel here today? What is your relationship?

   a. Is there any reason the two of you could not serve on the same jury?

b. Would you be influenced by that person when making a decision? Would the two of you be able to disagree without any potential disagreement affecting your relationship?

**F.** **Experience as a witness or defendant**

1. Has any juror or a relative or close friend ever been involved in or appeared as a witness in any investigation by a federal or state grand jury?

2. Has any juror, or a relative or close friend, ever been questioned in any manner by a federal, state, or local law enforcement agency?

3. Has anyone been a witness or complainant in any federal or state prosecution?

   a. Have you had to testify in a court proceeding? Describe your experience.

4. Has anyone had contact with the criminal justice system, meaning that he or she – or a family member or close friend – was arrested, charged with, or convicted of any criminal offense other than a minor traffic offense?

   a. If so, describe the circumstances.

   b. Did the police and prosecutor treat this person fairly?

   c. Do you agree with the outcome of the case? Was it fair?

   d. Would this experience affect your ability to be fair and impartial in this case?

**G.** **The instant case**

1. The indictment charges Michael Nissen, the defendant in this case, with making telephone threats to harm police and other government employees. Specifically, he threatened to shoot police officers and other government employees. Is there anything about the charges or the factual allegations in this case that would make you unwilling or reluctant to serve as a juror?

2. Do any of you believe that people should be allowed to threaten to kill police officers?

3. Do any of you believe the First Amendment right to free speech means people must be allowed to threaten to kill each other?

**Credibility of Witnesses**

4. In the real world, most events are usually not recorded on video, and instead the critical evidence is the testimony of witnesses. In this case, you will be asked to evaluate the credibility of various witnesses. Because of the nature of this trial, some of the witnesses the United States will present have a history of drug addiction and some of them might have been in jail as a result of those addictions. Is there anyone here who would totally discount the testimony of a witness who had a history of drug abuse and/or who had spent time in jail?

5. How do you evaluate a person's credibility to decide if a person is lying or telling the truth?

6. Do you consider consistency, corroboration and character?

7. Does anyone have an expectation about what a witness should be like while testifying? Does anyone believe that if the witness is not able to articulate or describe every detail of an incident, the witness is not credible?

8. How many of you have seen someone in your life tell the same story multiple times, but not tell the story the same way each time? Sometimes the person omits details, sometimes they may add details, or sometimes they may change the sequence of events. Does this automatically mean the event the person described never actually happened?

9. Who here is not comfortable evaluating a witness's testimony?

10. Who here might find it difficult to find the defendant guilty beyond a reasonable doubt based primarily on witness testimony?

**H. Personal affiliations with organizations and outside activities**

1. Do any of you belong to an organization that seeks to legalize drugs other than marijuana?

2. Do any of you belong to an organization that claims the federal government is illegitimate or somehow lacks jurisdiction over Americans?

3. Are any jurors members or participants of any organization not listed in their questionnaires (such as neighborhood associations, religious organizations, school organizations, fraternal, sporting, labor, environment, victims' rights, civil rights, prisoners' rights, education reform, law reform or any other type of organization)?

   a. What is the name of the organization, and what is its mission or purpose?

   b. When did you become a member?

   c. Does the organization take any position on crime prevention, prosecution or law enforcement?

   d. Can you set aside the views you or the organization espouse, and judge this case solely on the evidence and the Court's instructions?

**I. Qualifications and general biases**

1. Does any juror have any vision or hearing problems?

   a. If so, will those vision or hearing problems prevent you from giving your full attention to all the evidence at this trial?

2. Is anyone taking any medication that would prevent him or her from paying full attention to all the evidence at this trial?

3. Does anyone have difficulty reading or understanding English to any degree?

4. Does anyone work swing shifts or has anyone been up all night prior to coming here today?

5. Does anyone have any situation that could affect the ability to concentrate and listen to the evidence if selected to sit on this panel?

6. Does anyone have any religious, moral or philosophical beliefs that would make him or her unable to sit in judgment of the facts of this case and render a guilty verdict for reasons unrelated to the law or the evidence?

7. Do any of you feel you cannot sit in judgment of your fellow man?

8. Does everyone understand that they are not sitting in moral judgment, but simply as judges of the facts?

**J.**    **Function of the court and jury**

1. The function of the jury is to decide questions of fact. As a juror, you are the sole judge of the facts and nothing the Court or lawyers say or do may encroach in any way on your role as the exclusive fact finder. When it comes to the law, however, you are to take your instructions from the Court and you are bound by those instructions. You may not substitute your notions of what the law is or what you think it should be. At the conclusion of this case, your job will be to determine whether the defendant is guilty as charged in the indictment. Does any juror have any bias or prejudice that might prevent him or her from accepting the instructions of law that the Court will give you in this case?

2. As a juror, you may not consider a defendant's punishment in determining whether the United States has proved its case beyond a reasonable doubt. Is there anyone here who thinks he or she will allow thoughts about the defendant's punishment to sway his or her decision?

3. Do each of you accept that sympathy must not enter into the group's deliberations as to the guilt or innocence of the defendant and that only the evidence produced here in Court may be used to determine the guilt or innocence of the defendant? Is there anyone here who

believes that if he or she decides the defendant is guilty, but feels sorry for him for any reason, he or she would not be able to vote guilty?

4. For you to convict the defendant, the United States must prove guilt beyond a reasonable doubt. Reasonable doubt is doubt based on reason and common sense and not proof beyond a shadow of the doubt. Is there anyone who believes the United States should have a higher burden of proof, that is, do any of you think the United States should have to prove the defendant is guilty beyond "all" doubt instead of a reasonable doubt?

5. Is there any juror who feels that even if the evidence establishes the defendant's guilt beyond a reasonable doubt, he or she might not be able to render a guilty verdict for reasons unrelated to the law and evidence?

6. Is anyone uncomfortable deciding the defendant's guilt after hearing the facts and applying the facts to the law?

7. Is there anyone who cannot promise to apply reason and common sense when deciding this case?

8. If the United States does not prove the defendant's guilt beyond reasonable doubt, will you be able to find the defendant not guilty?

9. If the United States met its burden of proof, would anyone here have any problems holding Mr. Nissen responsible for his actions, that is, finding him guilty?

10. If you were the attorney for the United States or the attorney for the defense, would you be uncomfortable with yourself as a juror?

11. In these questions, I have tried to direct your attention to possible reasons why you might not be able to sit as a fair and impartial juror. Apart from any of the previous questions, does any juror have any doubt, for any reason whatsoever, that he or she will be able

to serve conscientiously, fairly and impartially in this case and render a true and just verdict without fear, favor, sympathy or prejudice?

The electronic filing of this document in CM/ECF caused a copy to be served electronically on Kenneth Gleria, Esq., and Jack Mkhitarian, Esq., counsel for Defendant.

                                              Respectfully submitted,

                                              JOHN C. ANDERSON
                                              United States Attorney

                                              *Electronically Submitted July 31, 2019*
                                              PAUL J. MYSLIWIEC
                                              ALEXANDER M.M. UBALLEZ
                                              Assistant United States Attorneys
                                              Post Office Box 607
                                              Albuquerque, New Mexico  87103
                                              (505) 224-1471