IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

                                                No. CR 19-77 JOB

vs.

MICHAEL NISSEN,

       Defendant.

## **DEFENDANT'S REQUESTED VOIR DIRE**

Defendant Michael Nissen, by and through his attorneys, Kenneth A. Gleria and Jack Mkhitarian , and pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure, hereby respectfully requests that the Court include in its voir dire of the jury panel the following questions so the Defendant may effectively exercise his peremptory challenges and challenges for cause.

    I.      Prior Experience as a Victim of Crime

        1.     Is there anyone on the panel who has ever been a victim of a crime?

        2.     Is there anything about that experience which you believe would make it difficult for you to be a fair juror in this case?

        3.     Is there anyone on the panel who has a close family member who has been the victim of a crime?

        4.     Is there anything about that experience which you believe would make it difficult for you to be a fair juror in this case?

    II.     Presumption of Innocence

        1.     Is there anyone on the panel who believes, as you look at Mr.

Nissen sitting at the defendant's table in a federal courtroom, that he must have done something wrong or else none of us would be here now?

2. Is there anyone who believe that it is not possible for Mr. Nissen to be innocent of the charges contained in the Grand Jury Indictment because law enforcement officials would not bring charges against someone who is actually not guilty?

3. Is there anyone who cannot begin this process by presuming that Mr. Nissen is not guilty of the charges contained in the Indictment and that he can only be convicted if the Government proves his guilt to a unanimous jury with proof beyond a reasonable doubt?

4. The Court will instruct you that the Government has the burden of proof and must prove each and every element of the crimes charged as instructed by the Court, beyond a reasonable doubt. Furthermore, Mr. Nissen does not have to prove anything or present any evidence. Does anyone here think that this is unfair to the federal government? Is there anyone here who would be unwilling to follow that instruction from the Court?

4. Are there any jurors who believe that Mr. Nissen should have the burden of proving that he is innocent?

5. Would every potential juror be willing to return a not guilty verdict if the Government failed to prove that Mr. Nissen was guilty beyond a reasonable doubt?

III. <u>Privileged Against Being Forced to Testify</u>

1. The law not only presumes that Mr. Nissen is innocent, it also protects him from being forced to testify in his own defense and allows him to decide not to testify in this trial. If Mr. Nissen decides not to testify, the Court will instruct you that you are required not to discuss the fact that he relied on his privilege to remain silent in your deliberations and that you are not to draw any conclusions or adverse inference from that fact. Is there anyone who disagrees with this instruction or who will not be able to follow it?

2 Is there anyone who believes that, if Mr. Nissen is innocent of the charges, he should testify in his own defense?

3. Can any of you think of any reason why someone who is innocent of charged crimes would still not want to testify at a trial?

4. Is there anyone who will assume that if Mr. Nissen does not testify in his own defense that he must be guilty of the charged offenses?

IV. Law Enforcement Background

1. Is there anyone on the panel who has previous employment experience or training with a law enforcement agency?

2. Is there anyone on the panel who has a close family member who serves or has served as a law enforcement officer?

3. There will be law enforcement officers testifying in this case. Does anyone feel for any reason that they would tend to believe a law enforcement officer simply because they are law enforcement and they are supposed to tell the truth?

4. Is there anyone on the panel who is more likely to believe the testimony of a law enforcement officer rather than the testimony of any other witness?

V. The Instant Case

1. Is there anyone who believes that offense language is not protected by the First Amendment right to free speech?

2. Is there anyone who believes that propane language is not protected by the First Amendment right to free speech?

3. Is there anyone who believes that the First Amendment protects freedom of speech too much right?

4. Is there anyone who has experienced people making exaggerated statements? How would you determine if such statements are serious? Should such statements be taken seriously?

5. Is there anyone who believes that that it is inappropriate to call law enforcement to complain about officer conduct?

VI. Concluding Questions

1. After having heard a little about this case and having some time to think about the charges, is there anyone here who feels that he or she would not be comfortable sitting on the jury.

2. If you were sitting in Mr. Nissen's seat and were accused of a crime, would you feel comfortable have someone like you sit on the jury?

WHEREFORE the Defendant Michael Nissen requests that the Court include the above questions in its voir dire of the jury panel.

Respectfully submitted:

<u>Electronically filed</u>
Kenneth A. Gleria
Attorney for Michael Nissen
1008 5th St. NW
Albuquerque, NM 87102
(505) 243-7843

 

I HEREBY CERTIFY that a copy of the foregoing was mailed/delivered to all counsel of record this 31th day of July, 2019. Kenneth A. Gleria