IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.: 19-CR-77-JB |
| | ) | |
| **MICHAEL NISSEN**, | ) | |
| | ) | |
| Defendant. | ) | |

### UNITED STATES' REQUESTED JURY INSTRUCTIONS

The United States of America requests that before the jurors deliberate in this case, they be given the instructions listed below, and further requests permission to submit such additional instructions as may become appropriate during the trial.[1]  These instructions, prior to filing, were sent to Kenneth Gleria, Esq., and Jack Mkhitarian, Esq., who indicate they do not have any objections or additions at present.

1.   1.01 and 1.02  Preliminary Instructions Before Trial and Note-Taking by Jurors,

2.   1.03    Introduction to Final Instructions,

3.   1.04    Duty to Follow Instructions,

4.   2.37.1 Elements instruction for 18 U.S.C. § 875(c),

5.   1.05    Presumption of Innocence,

6.   1.06    Evidence – Defined,

7.   1.07    Evidence – Direct and Circumstantial – Inferences,

8.   1.08    Credibility of Witnesses,

9.   1.08.1  Non-Testifying Defendant (if applicable),

---

[1] Unless otherwise specified, the 10th Circuit Criminal Pattern Jury Instructions come from the 2018 update to the 2011 Edition.

10.      Special Instruction – Police Techniques,

11.      1.17   Expert Witness (if applicable),

12.      1.18   On or About,

13.      1.19   Caution – Consider Only Crime Charged,

14.      1.20   Caution – Punishment,

15.      1.22   Single Defendant – Multiple Counts,

16.      1.23   Duty to Deliberate, Verdict Form,

17.      1.30   Similar Acts,

18.      1.37   Knowingly,

19.      1.40   Caution – Transcript of Recorded Conversation, and

20.      1.44   Communication with the Court.

Respectfully submitted,

JOHN C. ANDERSON,
United States Attorney

*/s/ Filed Electronically July 31, 2019*
PAUL J. MYSLIWIEC
ALEXANDER M.M. UBALLEZ
Assistant United States Attorneys
P.O. Box 607
Albuquerque, New Mexico 87103
(505) 346-7274

I HEREBY CERTIFY that on July 31, 2019, I
filed the foregoing electronically through the
CM/ECF system, which caused counsel of
record Kenneth Gleria, Esq. and Jack
Mkhitarian, Esq. to be served by electronic
means, as more fully reflected on the Notice
of Electronic Filing.

*/s/*_____
PAUL J. MYSLIWIEC
Assistant United States Attorney

2

## UNITED STATES' REQUESTED INSTRUCTION NO. 1

Members of the Jury:

At the end of the trial, I will give you detailed guidance on the law and on how you will go about reaching your decision.  But now I simply want to generally explain how the trial will proceed.

This criminal case has been brought by the United States government.  I will sometimes refer to the United States as the prosecution.  The United States is represented by Assistant United States Attorneys Paul Mysliwiec and Alexander Uballez.  The defendant, Michael Nissen, is represented by his lawyers, Kenneth Gleria and Jack Mkhitarian.

The indictment charges Michael Nissen with two counts of making threatening interstate communications.  The indictment is simply the description of the charges made by the United States against the defendant; it is not evidence of guilt or anything else.  Mr. Nissen pleaded not guilty and is presumed innocent.  He may not be found guilty by you unless all twelve of you unanimously find that the United States has proved his guilt beyond a reasonable doubt.

The first step in the trial will be the opening statements.  The United States in its opening statement will tell you about the evidence that it intends to put before you.  Just as the indictment is not evidence, neither is the opening statement.  Its purpose is only to help you understand what the evidence will be.  It is a road map to show you what is ahead.

After the United States' opening statement, one of the defendant's attorneys may make an opening statement.

Evidence will be presented from which you will have to determine the facts.  The evidence will consist of the testimony of the witnesses, documents and other things received into the record as exhibits, and any facts about which the lawyers agree or to which they stipulate.

3

The United States will offer its evidence.  After the United States' evidence, the defendant's lawyers may present evidence, but are not required to do so.  I remind you that Mr. Nissen is presumed innocent and it is the United States that must prove the defendant's guilt beyond a reasonable doubt.  If the defendant submits evidence, the United States may introduce rebuttal evidence.

At times during the trial, a lawyer may make an objection to a question asked by another lawyer, or to an answer by a witness.  This simply means the lawyer is requesting that I make a decision on a particular rule of law.  Do not draw any conclusion from such objections or from my rulings on the objections.  If I sustain an objection to a question, the witness may not answer it.  Do not attempt to guess what answer might have been given if I had allowed the answer.  If I overrule the objection, treat the answer as any other.  If I tell you not to consider a particular statement, you may not refer to that statement in your later deliberations.  Similarly, if I tell you to consider a particular piece of evidence for a specific purpose, you may consider it only for that purpose.

During the course of the trial, I may have to interrupt the proceedings to confer with the attorneys about the rules of law that should apply.  Sometimes we will talk briefly at the bench.  But some of these conferences will take more time so I will excuse you from the courtroom.  I will try to avoid such interruptions whenever possible, but please be patient even if the trial seems to be moving slowly because conferences often actually save time in the end.

You are to consider all the evidence received in this trial.  It will be up to you to decide what evidence to believe and how much of any witness's testimony to accept or reject.

After you have heard all the evidence on both sides, the United States and the defense will each be given time for their final arguments.

The final part of the trial occurs when I instruct you on the rules of law that you are to use in reaching your verdict.

During the course of the trial, I may ask a question of a witness. If I do, that does not indicate I have any opinion about the facts in the case but am only trying to bring out facts that you may consider.

If you would like to take notes during the trial, you may. On the other hand, you are not required to take notes.

If you do decide to take notes, be careful not to get so involved in note-taking that you become distracted, and remember that your notes will not necessarily reflect exactly what was said, so your notes should be used only as memory aids. Therefore, you should not give your notes precedence over your independent recollection of the evidence. You should also not be unduly influenced by the notes of other jurors. If you do take notes, leave them in the jury room at night and do not discuss the contents of your notes until you begin deliberations.

During the course of the trial, you should not talk with any witness or with the defendant or with any of the lawyers at all. In addition, during the course of the trial you should not talk about the trial with anyone else. Do not discuss the case with anyone or provide any information about the trial to anyone outside the courtroom until the verdict is received. Do not use the internet or any other form of electronic communication to provide any information. Simply put, do not communicate with anyone about the trial until your verdict is received. Also, you should not discuss this case among yourselves until I have instructed you on the law and you have gone to the jury room to make your decision at the end of the trial. It is important that you wait until all the evidence is received and you have heard my instructions on the controlling rules of law before you deliberate among yourselves. Let me add that during the course of the trial you will

receive all the evidence you properly may consider to decide the case.  Because of this, you should not attempt to gather any information or do any research on your own.  Do not attempt to visit any places mentioned in the case, either actually or on the internet, and do not in any way try to learn about the case outside the courtroom.

The court reporter is making stenographic notes of everything that is said.  This is basically to assist any appeals.  However, a typewritten copy of the testimony will not be available for your use during deliberations.  On the other hand, any exhibits will be available to you during your deliberations.

Now that the trial has begun, you must not hear or read about it in the media.  The reason for this is that your decision in this case must be made solely on the evidence presented at the trial.

With that introduction, Mr. Uballez, you may present the opening statement for the United States.


Tenth Circuit Pattern Jury Instructions Criminal 1.01 (**PRELIMINARY INSTRUCTIONS BEFORE TRIAL**) (modified)

Tenth Circuit Pattern Jury Instructions Criminal 1.02 (**NOTE-TAKING BY JURORS (ALTERNATIVE B)**))

## UNITED STATES' REQUESTED INSTRUCTION NO. 2

Members of the Jury:

In any jury trial there are, in effect, two judges.  I am one of the judges, you are the other.  I am the judge of the law.  You, as jurors, are the judges of the facts.  I presided over the trial and decided what evidence was proper for your consideration.  It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

In explaining the rules of law that you must follow, first, I will give you some general instructions which apply in every criminal case – for example, instructions about burden of proof and insights that may help you to judge the believability of witnesses.  Then, I will give you some specific rules of law that apply to this particular case and, finally, I will explain the procedures you should follow in your deliberations, and the possible verdicts you may return.  These instructions will be given to you for use in the jury room, so you need not take notes.

Tenth Circuit Pattern Jury Instructions Criminal 1.03 (**INTRODUCTION TO FINAL INSTRUCTIONS**)

## UNITED STATES' REQUESTED INSTRUCTION NO. 3

You, as jurors, are the judges of the facts.  But in determining what actually happened – that is, in reaching your decision as to the facts – it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you.  You must not substitute or follow your own notion or opinion as to what the law is or ought to be.  It is your duty to apply the law as I explain it to you, regardless of the consequences.  However, you should not read into these instructions, or anything else I may have said or done, any suggestion as to what your verdict should be.  That is entirely up to you.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy.  That was the promise you made and the oath you took.

Tenth Circuit Pattern Jury Instructions Criminal 1.04 (**DUTY TO FOLLOW INSTRUCTIONS**)

## UNITED STATES' REQUESTED INSTRUCTION NO. 4

The defendant, Michael Nissen, is charged in Counts 1 and 2 with a violation of 18 U.S.C. § 875(c).  This law makes it a crime to transmit in interstate or foreign commerce a threatening communication to kidnap or injure another person.

To find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First: the defendant knowingly transmitted a communication containing a threat to injure the person of another;

Second: the defendant transmitted the communication with the intent to make a threat, or with knowledge that the communication will be viewed as a threat;

Third: the communication was transmitted in interstate or foreign commerce.

A "threat" is a serious statement expressing intent to instill fear, which, under the circumstances, would cause apprehension in a reasonable person, as distinguished from mere political argument, idle talk, exaggeration, or something said in a joking manner. It is not necessary that the defendant intended to or had the ability to carry out the threat.


Tenth Circuit Pattern Jury Instructions Criminal 2.37.1 (**INTERSTATE TRANSMISSION OF THREATENING COMMUNICATION**, 18 U.S.C. § 875(c))

## UNITED STATES' REQUESTED INSTRUCTION NO. 5

The United States has the burden of proving Mr. Nissen guilty beyond a reasonable doubt.  The law does not require the defendant to prove his innocence or produce any evidence at all.  The United States has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must find the defendant not guilty.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt.  There are few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt.  It is only required that the United States' proof exclude any "reasonable doubt" concerning the defendant's guilt.  A reasonable doubt is a doubt based on reason and common sense after careful and impartial consideration of all the evidence in the case.  If, based on your consideration of the evidence, you are firmly convinced that the defendant is guilty of the crime charged, you must find him guilty.  If, on the other hand, you think there is a real possibility that he is not guilty, you must give him the benefit of the doubt and find him not guilty.

Tenth Circuit Pattern Jury Instructions Criminal 1.05 (**PRESUMPTION OF INNOCENCE—BURDEN OF PROOF—REASONABLE DOUBT**) (modified)

**UNITED STATES' REQUESTED INSTRUCTION NO. 6**

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, the stipulations that the lawyers agreed to, and the facts that I have judicially noticed.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial, I did not let you hear the answers to some of the questions that the lawyers asked. I also ruled that you could not see some of the exhibits that the lawyers wanted you to see. And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Tenth Circuit Pattern Jury Instructions Criminal 1.06 (**EVIDENCE—DEFINED**)

## UNITED STATES' REQUESTED INSTRUCTION NO. 7

There are, generally speaking, two types of evidence from which a jury may properly determine the facts of a case.  One is direct evidence, such as the testimony of an eyewitness.  The other is indirect or circumstantial evidence, that is, the proof of a chain of facts that point to the existence or non-existence of certain other facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence.  The law simply requires that you find the facts in accord with all the evidence in the case, both direct and circumstantial.

While you must consider only the evidence in this case, you are permitted to draw reasonable inferences from the testimony and exhibits, inferences you feel are justified in the light of common experience.  An inference is a conclusion that reason and common sense may lead you to draw from facts that have been proved.

By permitting such reasonable inferences, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in this case.


Tenth Circuit Pattern Jury Instructions Criminal 1.07 (**EVIDENCE—DIRECT AND CIRCUMSTANTIAL—INFERENCES**)

## UNITED STATES' REQUESTED INSTRUCTION NO. 8

I remind you that it is your job to decide whether the United States has proved the guilt of the defendant beyond a reasonable doubt.  In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony.  An important part of your job will be making judgments about the testimony of the witnesses [including the defendant], who testified in this case.  You should think about the testimony of each witness you have heard and decide whether you believe all or any part of what each witness had to say, and how important that testimony was.  In making that decision, I suggest that you ask yourself a few questions:  Did the witness impress you as honest?  Did the witness have any particular reason not to tell the truth?  Did the witness have a personal interest in the outcome in this case?  Did the witness have any relationship with either the United States or the defense?  Did the witness seem to have a good memory?  Did the witness clearly see or hear the things about which he/she testified?  Did the witness have the opportunity and ability to understand the questions clearly and answer them directly?  Did the witness's testimony differ from the testimony of other witnesses?  When weighing the conflicting testimony, you should consider whether the discrepancy has to do with a material fact or with an unimportant detail.  And you should keep in mind that innocent misrecollection – like failure of recollection – is not uncommon.

 [The testimony of the defendant should be weighed and his credibility evaluated in the same way as that of any other witness.]

In reaching a conclusion on a particular point, or ultimately in reaching a verdict in this case, do not make any decisions simply because there were more witnesses on one side than on the other.

Tenth Circuit Pattern Jury Instructions Criminal 1.08 (**CREDIBILITY OF WITNESSES**) (modified)

## UNITED STATES' REQUESTED INSTRUCTION NO. 9

The defendant did not testify and I remind you that you cannot consider his decision not to testify as evidence of guilt.  You must understand that the Constitution of the United States grants to a defendant the right to remain silent.  That means the right not to testify.  That is a constitutional right in this country. It is very carefully guarded, and you must not presume or infer guilt from the fact that a defendant does not take the witness stand and testify or call any witnesses.

Tenth Circuit Pattern Jury Instructions Criminal 1.08.1 (**NON-TESTIFYING DEFENDANT**)

**UNITED STATES' REQUESTED INSTRUCTION NO. 10**

You have heard testimony as to the manner in which the United States conducted its investigation in this case including certain investigative methods or techniques that were used and certain investigative methods or techniques that were not used.  In attempting to prove its case, the United States is under no obligation to use all of the investigative methods that are available to it or use any particular method.  The question is whether the evidence presented is sufficient to convince you beyond a reasonable doubt of the defendant's guilt.

*See United States v. Johnson*, 479 Fed. Appx. 811, 817 (10th Cir. 2012).

## UNITED STATES' REQUESTED INSTRUCTION NO. 11

During the trial, you heard the testimony of [an expert] who expressed opinions concerning modern telephone transmission technology.  In some cases, such as this one, scientific, technical, or other specialized knowledge may assist the jury in understanding the evidence or in determining a fact in issue.  A witness who has knowledge, skill, experience, training or education may testify and state an opinion concerning such matters.

You are not required to accept such an opinion.  You should consider opinion testimony just as you consider other testimony in this trial.  Give opinion testimony as much weight as you think it deserves, considering the education and experience of the witness, the soundness of the reasons given for the opinion, and other evidence in the trial.

Tenth Circuit Pattern Jury Instructions Criminal 1.17 (**EXPERT WITNESS**) (modified)

## UNITED STATES' REQUESTED INSTRUCTION NO. 12

You will note that the indictment charges that the crimes were committed on or about certain dates. The United States must prove beyond a reasonable doubt that the defendant committed each crime reasonably near those dates.

Tenth Circuit Pattern Jury Instructions Criminal 1.18 (2011) (**ON OR ABOUT**) (modified)

## UNITED STATES' REQUESTED INSTRUCTION NO. 113

You are here to decide whether the United States has proved beyond a reasonable doubt that Mr. Nissen is guilty of the crimes charged.  The defendant is not on trial for any act, conduct, or crime not charged in the indictment.

It is not up to you to decide whether anyone who is not on trial in this case should be prosecuted for the crime charged.  The fact that another person *also* may be guilty is no defense to a criminal charge.

The question of the possible guilt of others should not enter your thinking as you decide whether the defendant has been proved guilty of the crime charged.


Tenth Circuit Pattern Jury Instructions Criminal 1.19 (**CAUTION—CONSIDER ONLY CRIME CHARGED**) (modified)

## UNITED STATES' REQUESTED INSTRUCTION NO. 14

If you find the defendant guilty, it will be my duty to decide what the punishment will be. You should not discuss or consider the possible punishment in any way while deciding your verdict.

Tenth Circuit Pattern Jury Instructions Criminal 1.20 (**CAUTION—PUNISHMENT (Non-Capital Cases)**) (modified)

## UNITED STATES' REQUESTED INSTRUCTION NO. 15

A separate crime is charged against the defendant in each count of the indictment.  You must separately consider the evidence against the defendant on each count and return a separate verdict for each count.

Your verdict as to any one count, whether it is guilty or not guilty, should not influence your verdict as to the other count.

Tenth Circuit Pattern Jury Instructions Criminal 1.22 (**SINGLE DEFENDANT—MULTIPLE COUNTS**) (modified)

## UNITED STATES' REQUESTED INSTRUCTION NO. 16

In a moment, you will be escorted to the jury room and each of you will be provided with a copy of the instructions I have just read. Any exhibits admitted into evidence will also be placed in the jury room for your review.

When you go to the jury room, you should first select a foreperson who will help guide your deliberations and will speak for you here in the courtroom. The second thing you should do is review the instructions. Not only will your deliberations be more productive if you understand the legal principles upon which your verdict must be based, but for your verdict to be valid, you must follow the instructions throughout your deliberations. Remember, you are the judges of the facts, but you are bound by your oath to follow the law stated in the instructions.

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous on each count of the indictment. Your deliberations will be secret. You will never have to explain your verdict to anyone.

You must consult with one another and deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to re-examine your own opinions and change your mind if you are convinced that you were wrong. But do not give up your honest beliefs solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges – judges of the facts. You must decide whether the United States has proved the defendant guilty beyond a reasonable doubt.

A form of verdict has been prepared for your convenience.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the Court Security Officer.  I will either reply in writing or bring you back into the court to respond to your message.  Under no circumstances should you reveal to me the numerical division of the jury.

Faithful performance by you of your duties is vital to the administration of justice.


Tenth Circuit Pattern Jury Instructions Criminal 1.23 (**DUTY TO DELIBERATE—VERDICT FORM**) (modified)

## UNITED STATES' REQUESTED INSTRUCTION NO. 17

You have heard evidence of other [crimes] [acts] [wrongs] engaged in by the defendant. You may consider that evidence only as it bears on the defendant's [e.g., motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident] and for no other purpose.  Of course, the fact that the defendant may have previously committed an act similar to the one charged in this case does not mean that the defendant necessarily committed the act charged in this case.

Tenth Circuit Pattern Jury Instructions Criminal 1.30 (**SIMILAR ACTS**) (modified)

## UNITED STATES' REQUESTED INSTRUCTION NO. 19

During this trial, you have heard sound recordings of certain conversations.  These conversations were legally recorded; they are a proper form of evidence and may be considered by you as you would any other evidence.  You were also given transcripts of those recorded conversations.

Keep in mind that the transcripts are not evidence.  They were given to you only as a guide to help you follow what was being said.  The recordings themselves are the evidence.  If you noticed any differences between what you heard on the recordings and what you read in the transcripts, you must rely on what you heard, not what you read.  If you could not hear or understand certain parts of the recordings, you must ignore the transcript as far as those parts are concerned.

Tenth Circuit Criminal Pattern Jury Instructions 1.40 (**CAUTIONARY INSTRUCTION DURING TRIAL – TRANSCRIPT OF RECORDED CONVERSATION**)

## UNITED STATES' REQUESTED INSTRUCTION NO. 20

If you want to communicate with me at any time during your deliberations, please write down your message or question and give it to [the marshal] [court room deputy], who will bring it to my attention.  I will respond as promptly as possible, either in writing or by having you return to the courtroom so that I can address you orally.  I caution you, however, that with any message or question you might send, you should not tell me any details of your deliberations or indicate how many of you are voting in a particular way on any issue.

Let me remind you again that nothing I have said in these instructions, nor anything I have said or done during the trial and sentencing proceedings, was meant to suggest to you what I think your decision should be.  That is your exclusive responsibility.


Tenth Circuit Pattern Jury Instructions Criminal 1.44 (**COMMUNICATION WITH THE COURT**) (modified)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,            )
                                     )
                    Plaintiff,       )          Criminal Case No.: 19-CR-77-JB
                                     )
        vs.                          )
                                     )
**MICHAEL NISSEN**,                  )
                                     )
                    Defendant.       )

## <u>V E R D I C T</u>

### <u>COUNT 1</u>

WE, the jury, find the defendant, MICHAEL NISSEN, _____

(guilty or not guilty)

as charged in Count 1 of the indictment.

### <u>COUNT 2</u>

WE, the jury, find the defendant, MICHAEL NISSEN, _____

(guilty or not guilty)

as charged in Count 2 of the indictment.


_____
FOREPERSON