IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                No. CR 19-77 JOB

MICHAEL NISSEN,

    Defendant.

**DEFENDANT'S RESPONSE TO GOVERNMENT'S
MOTION IN LIMINE AND NOTICE OF INTENT TO INTRODUCE EVIDENCE
PURSUANT TO RULE 404(b) OR AS *RES GESTAE***

Defendant Michael Nissen, by and through his attorneys, Kenneth A. Gleria and Jack Mkhitarian, hereby submits his response and objection to the United States' Notice of Intent to Offer Evidence at Trial Pursuant to Rule 404(b) or as *Res Gestae*, and states unto the Court that:

1.    In its Notice of Intent to Offer Evidence Pursuant to Rule 404(b), or as *Res Gestae,* the United States seeks to admit evidence of the following alleged acts by Michael Nissen: 1.) evidence of a November 2, 2018 traffic stop, 2.) a November 27, 2018 telephone call to Torrance County Magistrate Court, 3.) a December 11, 2018 delivery of a bouquet of flowers in a vase and papers regarding the United States Constitution to the doorstep of the New Mexico State Police Office, and 4.) evidence of Michael Nissen's legal possession of firearms on December 19, 2018.

**Fed. R. of Evid. 404(b) Other Crimes, Wrongs, or Acts** states that:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes,

> such as proof of motive, opportunity,
> intent, preparation, plan, knowledge,
> identity, or absence of mistake or
> accident, provided that upon request
> by the accused, the prosecution in a
> criminal case shall provide reasonable
> notice in advance of trial, or during trial
> if the court excuses pretrial notice on good
> cause shown, of the general nature of any
> such evidence it intends to introduce at trial.

In order for evidence of other acts to be admissible under Rule 404(b), the evidence must be offered for a proper purpose, and it must be relevant. Huddleston v. United States, 485 U.S.681, 691-92 (1988). Additionally, the Court must determine that the prejudicial effect of the evidence does not substantially outweigh its probative value. Fed. R. Evid. 403, United States v. Cuch, 842F.2d 1173, 1176 (10th Cir. 1988). The decision to admit or exclude evidence pursuant to Rule 404(b) and Rule 403 is within the sound discretion of the Court. United States v. Lugo, 170 F.3d 996, 1005 (10th Cir. 1999).

2. In this matter, the Government states that evidence of Michael Nissen's November 2, 2018 traffic stop "…is relevant to counter the arguments Defendant has telegraphed that his threats were not true threats because they were conditioned on illegal treatment by police officers. This goes not to lack of mistake – Defendant was complaining about a traffic stop that really happen. It also explains Defendant's motive, and intent to threaten." Evidence of the November 2, 2018 traffic stop by New Mexico State Police ( NMSP) Officer Jordan Burd does not regard the conduct charged in the Indictment. Additionally, NMSP Officer Burd's contact with Michael Nissen did not involve threats or aggressive behavior by Mr. Nissen. The evidence also shows that NMSP Officer

2

Jordan Burd had no further contact Michael Nissen.

The Government also seeks to introduce evidence that on November 27, 2018, Michael Nissen called the Torrance County Magistrate Court regarding a court date relating to the November 2, 2018 traffic stop. The Government states that Mr. Nissen was "…verbally abusive (but not directly threatening) to employee Susan Rossignol.". The Government argues that the call to the Magistrate Court is "…relevant to his lack of mistake in making threats to the police about the November 2, 2018 encounter." The Government also seeks to introduce evidence that on December 11, 2018, Michael Nissen appeared at a New Mexico State Police Office in Albuquerque, New Mexico, and left a bouquet of flowers and papers regarding the United States Constitution. The Government also seeks to introduce evidence of Michael Nissen's legal possession of firearms on December 19, 2018.

The alleged acts set forth in the Government's Motion in Limine (Doc. 46) are innocent conduct on the part of Michael Nissen. The admission of evidence of Michael Nissen's alleged acts will result in his negative portrayal before the jury, and will be unfairly prejudicial under Rule 403. Additionally, the evidence does not go toward proving the elements of the charged offenses, and also is not necessary to explain the alleged threats by Michael Nissen. For these reasons, the evidence is not relevant the charges offenses and should be excluded under Rule 404(b).

3. In this matter, the Government states that evidence of Michael Nissen's alleged uncharged and unrelated acts are relevant to the instant case because it

shows knowledge, intent, preparation, plan, and to demonstrate the absence of mistake or accident on the part of Mr. Nissen. The Government states that Michael Nissen intended his statements and actions as true threats, and he desired "…to be taken seriously." The Government also states that the proposed Rule 404(b) evidence is related to the charged conduct. The proposed offer of evidence, however is not relevant because it does not shown anything specific about the instant charges or whether Mr. Nissen committed the elements of the charged violations of 18 U.S.C. §875(c), Interstate Communications Containing a Threat to Injure the Person of Another on November 2, and 26, 2018.

4. Applying the Rule 403 balancing which the Court is required to conduct, admission of such evidence can and will unfairly prejudice the jury against Mr. Nissen, and the prejudicial effect of the evidence will substantially outweigh any probative value. Introduction of the evidence will increase the unacceptable possibility or likelihood that the jury's determination will be based, not upon whether the Government has proved the elements of the instant charges beyond a reasonable doubt, but because the jury is prejudiced against Mr. Nissen by the introduction of evidence of uncharged alleged and unrelated prior acts.

The *Advisory Committee Notes* of Fed. R. Evid. 403 *Exclusion of Relevant Evidence on Grounds of Prejudice, Confusion, or Waste of Time* defines "Unfair prejudice" as "…an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Michael Nissen objects to the testimony of any witness regarding the alleged acts. The prejudicial

effect of the introduction of evidence of said alleged and unrelated acts will not be cured by a limiting instruction of the Court to the jury, because the jury will likely become inflamed and therefore unfairly prejudiced against Michael Nissen as a result of the introduction of the uncharged alleged and unrelated acts.

5. The Government also seeks to introduce the alleged acts of Michael Nissen as *res gestae* or intrinsic evidence. The Tenth Circuit has held that evidence is intrinsic when the evidence is inextricably intertwined with the charged conduct, when it occurred within the same time frame as the activity charged, when it was a necessary preliminary to the charged acts, when it provided direct proof of the defendant's involvement with the charged crimes, and when it was entirely germane background information which is directly connected to the factual circumstances of the charged crimes Such intrinsic evidence is not subject to Federal Rule of Evidence 404(b), however, is subject to Rule 403 balancing. *United States v. Kupfer,* 797 F.3d 1233 (10th Cir 2015).

In the instant case, the Government argument fails each prong of the test for intrinsic evidence set forth in *Kupfer*. The Government argues that Michael Nissen's prior acts should be admitted under Rule 404(b), or in the alternative, that the evidence should be admitted as *res gestae* or intrinsic evidence. The government strains to connect Michael Nissen's "inextricably intertwined" acts to the charged offenses. The alleged acts, including the November 2, 2018 traffic stop, are tangentially connected to the charged offenses, are therefore extrinsic evidence. The Government fails to show the alleged acts are "part and parcel" to the charged offenses. *United States v. Lujan*, (2011 WL 13210276).

6. The evidence of alleged acts of Michael Nissen are not relevant because the acts do not shown anything specific about the instant charges, or whether Mr. Nissen committed the elements of the charged offenses. Admission of such evidence would be unfairly prejudicial because the jury may draw improper inferences from innocent conduct on the part of Michael Nissen. For this reason, such evidence should be excluded under Federal Rule of Evidence 403. Accordingly, Michael Nissen requests that the Court sustain his objection to the United States' Notice of Intent to Offer Evidence at Trial Pursuant to Rule 404(b) or as *Res Gestae*, which should be denied.

WHEREFORE Defendant Michael Nissen prays that the Court sustain his objection to the United States' Notice of Intent to Offer Evidence at Trial pursuant to Rule 404(b) or as *Res Gestae* for the grounds and reasons set forth above.

Respectfully submitted:

<u>Electronic filed</u>
Kenneth A. Gleria
Attorney for Michael Nissen
1008 5th St. NW
Albuquerque, NM 87102
(505) 243-7843

I HEREBY CERTIFY that a copy of the foregoing was mailed/delivered to all counsel of record this 31st Day of July, 2019. Kenneth A. Gleria