## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                         No. CR 19-0077 JB

MICHAEL NISSEN,

       Defendant.

### COURT'S FINAL JURY INSTRUCTIONS
(with citations)

**INSTRUCTION NO. 1**

Members of the Jury:

In any jury trial there are, in effect, two judges.  I am one of the judges, you are the other.  I am the judge of the law.  You, as jurors, are the judges of the facts.  I presided over the trial and decided what evidence was proper for your consideration.  It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

In explaining the rules of law that you must follow, first, I will give you some general instructions which apply in every criminal case -- for example, instructions about burden of proof and insights that may help you to judge the believability of witnesses.  Then, I will give you some specific rules of law that apply to this particular case and, finally, I will explain the procedures you should follow in your deliberations, and the possible verdicts you may return.  These instructions will be given to you for use in the jury room, so you need not take notes.

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS** 1.03, at i, 7 (**2011 Edition** Updated February 2018)(INTRODUCTION TO FINAL INSTRUCTIONS)

**INSTRUCTION NO. 2**

You, as jurors, are the judges of the facts.  But in determining what actually happened -- that is, in reaching your decision as to the facts -- it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you.  You must not substitute or follow your own notion or opinion as to what the law is or ought to be.  It is your duty to apply the law as I explain it to you, regardless of the consequences.  However, you should not read into these instructions, or anything else I may have said or done, any suggestion as to what your verdict should be.  That is entirely up to you.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy.  That was the promise you made and the oath you took.

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS** 1.04, at i, 8 (**2011 Edition** Updated February 2018)(DUTY TO FOLLOW INSTRUCTIONS)

## INSTRUCTION NO. 3

The government has the burden of proving Defendant Michael Nissen guilty beyond a reasonable doubt.  The law does not require Mr. Nissen to prove his innocence or produce any evidence at all.  The government has the burden of proving Mr. Nissen guilty beyond a reasonable doubt, and if it fails to do so, you must find Mr. Nissen not guilty.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of Mr. Nissen's guilt.  There are few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt.  It only requires that the government's proof exclude any "reasonable doubt" concerning Mr. Nissen's guilt.  A reasonable doubt is a doubt based on reason and common sense after careful and impartial consideration of all the evidence in the case.  If, based on your consideration of the evidence, you are firmly convinced that Mr. Nissen is guilty of the crime charged, you must find him guilty.  If, on the other hand, you think there is a real possibility that he is not guilty, you must give him the benefit of the doubt and find him not guilty.

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS** 1.05, at i, 9 (**2011 Edition** Updated February 2018)(PRESUMPTION OF INNOCENCE -- BURDEN OF PROOF -- REASONABLE DOUBT)(modified)

**INSTRUCTION NO. 4**

You must make your decision based only on the evidence that you saw and heard here in court.  Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, and the stipulations that the lawyers agreed to.

Nothing else is evidence.  The lawyers' statements and arguments are not evidence.  Their questions and objections are not evidence.  My legal rulings are not evidence.  And my comments and questions are not evidence.

During the trial, I did not let you hear the answers to some of the questions that the lawyers asked.  You must completely ignore all of these things.  Do not even think about them.  Do not speculate about what a witness might have said.  These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS** 1.06, at i, 11 (**2011 Edition** Updated February 2018)(EVIDENCE -- DEFINED)

**INSTRUCTION NO. 5**

There are, generally speaking, two types of evidence from which a jury may properly determine the facts of a case.  One is direct evidence, such as the testimony of an eyewitness. The other is indirect or circumstantial evidence, that is, the proof of a chain of facts which point to the existence or non-existence of certain other facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence. The law simply requires that you find the facts in accord with all the evidence in the case, both direct and circumstantial.

While you must consider only the evidence in this case, you are permitted to draw reasonable inferences from the testimony and exhibits, inferences you feel are justified in the light of common experience.  An inference is a conclusion that reason and common sense may lead you to draw from facts that have been proved.

By permitting such reasonable inferences, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in this case.

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS** 1.07, at i, 13 (**2011 Edition** Updated February 2018)(EVIDENCE -- DIRECT AND CIRCUMSTANTIAL -- INFERENCES)

## INSTRUCTION NO. 6

I remind you that it is your job to decide whether the government has proved the guilt of Mr. Nissen beyond a reasonable doubt.  In doing so, you must consider all of the evidence.  This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony.  An important part of your job will be making judgments about the testimony of the witnesses who testified in this case.  You should think about the testimony of each witness you have heard and decide whether you believe all or any part of what each witness had to say, and how important that testimony was.  In making that decision, I suggest that you ask yourself a few questions:  Did the witness impress you as honest?  Did the witness have any particular reason not to tell the truth?  Did the witness have a personal interest in the outcome in this case?  Did the witness have any relationship with either the government or Mr. Nissen?  Did the witness seem to have a good memory?  Did the witness clearly see or hear the things about which he/she testified?  Did the witness have the opportunity and ability to understand the questions clearly and answer them directly?  Did the witness's testimony differ from the testimony of other witnesses?  When weighing the conflicting testimony, you should consider whether the discrepancy has to do with a material fact or with an unimportant detail.  And you should keep in mind that innocent misrecollection -- like failure of recollection -- is not uncommon.

Mr. Nissen did not testify and I remind you that you cannot consider his decision not to testify as evidence of guilt.  I want you to clearly understand, please, that the Constitution of the United States grants to Mr. Nissen the right to remain silent.  That means the right not to testify or call any witnesses. That is a constitutional right in this country, it is very carefully guarded, and you should understand that no presumption of guilt may be raised and no inference of any kind

may be drawn from the fact that Mr. Nissen does not take the witness stand and testify or call any witnesses.

In reaching a conclusion on a particular point, or ultimately in reaching a verdict in this case, do not make any decisions simply because there were more witnesses on one side than on the other.

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS** 1.08, at i, 14-15 (**2011 Edition** Updated February 2018)(CREDIBILITY OF WITNESSES)(modified)

## INSTRUCTION NO. 7

During this trial, you have heard sound recordings of certain conversations.  These conversations were legally recorded; they are a proper form of evidence and may be considered by you as you would any other evidence.  You were also given transcripts of those recorded conversations.

Keep in mind that the transcripts are not evidence.  They were given to you only as a guide to help you follow what was being said.  The recordings themselves are the evidence.  If you noticed any differences between what you heard on the recordings and what you read in the transcripts, you must rely on what you heard, not what you read.  If you could not hear or understand certain parts of the recordings, you must ignore the transcript as far as those parts are concerned.

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS** 1.40, at i, 61 (**2011 Edition** Updated February 2018)(CAUTIONARY INSTRUCTION DURING TRIAL -- TRANSCRIPT OF RECORDED CONVERSATION)

**INSTRUCTION NO. 8**

The indictment charges:

<u>Count 1</u>

On or about November 2, 2018, in Torrance County, in the District of New Mexico, the defendant, **MICHAEL JAMES NISSEN,** transmitted in interstate and foreign commence communications containing a threat to injure the person of another.

In violation of 18 U.S.C. § 875(c).

<u>Count 2</u>

On or about November 26, 2018, in Bernalillo County, in the District of New Mexico, the defendant, **MICHAEL JAMES NISSEN**, transmitted in interstate and foreign commerce communications containing a threat to injury the person of another.

In violation of 18 U.S.C. § 875(c).

**INSTRUCTION NO. 9**

Mr. Nissen is charged in Counts 1 and 2 with a violation of 18 U.S.C. § 875(c).  This law makes it a crime to transmit in interstate commerce a threatening communication to injure another person.

To find Mr. Nissen guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First:* Mr. Nissen knowingly transmitted a communication containing a threat to injure the person of another;

*Second:* Mr. Nissen transmitted the communication with the intent to make a threat, or with knowledge that the communication will be viewed as a threat;

*Third:* the communication was transmitted in interstate commerce.

A "threat" is a serious statement expressing intent to instill fear, which, under the circumstances, would cause apprehension in a reasonable person, as distinguished from mere political argument, idle talk, exaggeration, or something said in a joking manner.  It is not necessary that Mr. Nissen intended to or had the ability to carry out the threat.

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS** 2.37.1, at i, 131 (**2011 Edition** Updated February 2018)(INTERSTATE TRANSMISSION OF THREATENING COMMUNICATION, 18 U.S.C. § 875(c))

**INSTRUCTION NO. 10**

When the word "knowingly" is used in these instructions, it means that the act was done voluntarily and intentionally, and not because of mistake or accident.

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS** 1.37, at i, 56 (**2011 Edition** Updated February 2018)(KNOWINGLY)(modified)

## INSTRUCTION NO. 11

Interstate commerce means commerce or travel between one state, territory or possession of the United States and another state, territory or possession of the United States, including the District of Columbia.  Commerce includes travel, trade, transportation and communication.

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS** 1.39, at i, 59 (**2011 Edition** Updated February 2018)(INTERSTATE AND FOREIGN COMMERCE -- DEFINED 18 U.S.C. § 10 )(modified)

**INSTRUCTION NO. 12**

You will note that Count 1 of the indictment charges that the crime was committed on or about November 2, 2018, and Count 2 of the indictment charges that the crime was committed on or about November 26, 2018.  The government must prove beyond a reasonable doubt that Mr. Nissen committed the crime alleged in Count 1 reasonably near November 2, 2018, and that Mr. Nissen committed the crime alleged in Count 2 reasonably near November 26, 2018.

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS** 1.18, at i, 20 (**2011 Edition** Updated February 2018)(ON OR ABOUT)(modified)

## INSTRUCTION NO. 13

You are here to decide whether the government has proved beyond a reasonable doubt that Mr. Nissen is guilty of the crimes charged.  Mr. Nissen is not on trial for any act, conduct, or crime not charged in the indictment.

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS** 1.19, at i, 31 (CAUTION -- CONSIDER ONLY CRIME CHARGED)(modified)

**INSTRUCTION NO. 14**

If you find Mr. Nissen guilty, it will be my duty to decide what the punishment will be. You should not discuss or consider the possible punishment in any way while deciding your verdict.

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS** 1.20, at i, 32 (CAUTION -- PUNISHMENT (Non-Capital Cases))(modified)

**INSTRUCTION NO. 15**

A separate crime is charged against Mr. Nissen in each count of the indictment.  You must separately consider the evidence against Mr. Nissen on each count and return a separate verdict for each count.

Your verdict as to any one count, whether it is guilty or not guilty, should not influence your verdict as to the other count.

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS** 1.22, at i, 34 (**2011 Edition** Updated February 2018)(MULTIPLE DEFENDANTS -- MULTIPLE COUNTS)(modified)

## INSTRUCTION NO. 16

In a moment, my courtroom deputy clerk will escort you to the jury room and provide each of you with a copy of the instructions I have just read.  Any exhibits admitted into evidence will also be placed in the jury room for your review.

When you go to the jury room, you should first select a foreperson who will help guide your deliberations and will speak for you here in the courtroom.  The second thing you should do is review the instructions.  Not only will your deliberations be more productive if you understand the legal principles upon which your verdict must be based, but for your verdict to be valid, you must follow the instructions throughout your deliberations.  Remember, you are the judges of the facts, but you are bound by your oath to follow the law stated in the instructions.

To reach a verdict, whether it is guilty or not guilty, all of you must agree.  Your verdict must be unanimous on each count of the indictment.  Your deliberations will be secret.  You will never have to explain your verdict to anyone.

You must consult with one another and deliberate in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors.  During your deliberations, do not hesitate to re-examine your own opinions and change your mind if you are convinced that you were wrong.  But do not give up your honest beliefs solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges -- judges of the facts.  You must decide whether the government has proved Mr. Nissen guilty beyond a reasonable doubt.

A form of verdict has been prepared for your convenience.

[Explain the Verdict Form]

The foreperson will write the unanimous answer of the jury in the space provided for each count of the indictment, either guilty or not guilty.  At the conclusion of your deliberations, the foreperson should date and sign the verdict.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the Court Security Officer.  I will either reply in writing or bring you back into the court to respond to your message.  Under no circumstances should you reveal to me the numerical division of the jury.

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS** 1.23, at i, 35-36 (**2011 Edition** Updated February 2018)(DUTY TO DELIBERATE -- VERDICT FORM)(modified)

### INSTRUCTION NO. 17

Let me remind you again that nothing I have said in these instructions, nor anything I have said or done during the trial, was meant to suggest to you what I think your decision should be. That is your exclusive responsibility.

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS** 1.44, at i, 66 (**2011 Edition** Updated February 2018)(COMMUNICATION WITH THE COURT)(modified)

## INSTRUCTION NO. 18

Faithful performance by you of your duties is vital to the administration of justice.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                     No. CR 19-0077 JB

MICHAEL NISSEN,

        Defendant.

## __V E R D I C T__

**COUNT 1**

        WE, the jury, find the defendant, MICHAEL NISSEN, _____

                                                    (guilty or not guilty)

as charged in Count 1 of the indictment.

**COUNT 2**

        WE, the jury, find the defendant, MICHAEL NISSEN, _____

                                                    (guilty or not guilty)

as charged in Count 2 of the indictment.

                               _____

                               FOREPERSON

Dated: _____