IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CR No. 19-0077-JB |
| | ) | |
| vs. | ) | |
| | ) | |
| MICHAEL NISSEN, | ) | |
| | ) | |
| Defendant. | ) | |

UNITED STATES' RESPONSE IN OPPOSITION TO
DEFENDANT'S REQUEST FOR APPOINTMENT OF SPECIFIC CJA COUNSEL

The United States is in receipt of defense counsel's motion to withdraw, Doc. 76, and defendant Michael Nissen ("Defendant")'s *pro se* addendum/supplement to that motion, Doc. 77. The United States takes no position on counsel's motion to withdraw, Doc. 76. The United States strenuously opposes, however, Defendant's *pro se* request that this Court appoint a specific CJA attorney, namely Ahamd Assed, Esq. *See* Doc. 77, p. 3. This is not out of any criticism of Mr. Assed, but rather out of an abiding concern for the integrity of the CJA system.

A.  It Is Unclear Whether Defendant Qualifies For Any CJA Counsel.

Current defense counsel are retained, not appointed[1]. While the United States is confident that Magistrate Judge Yarbrough's appointment of a federal public defender was proper at the time it happened based on the information Defendant provided at that time (December 20, 2018, *see* Doc. 7), Defendant's retention of two private counsel throughout

---

[1] In making this assertion, the United States relies on conversations with defense counsel, and with their designation in the current CM/ECF docket sheet as "retained."

pretrial litigation and trial is strong evidence that he has access to the financial resources to hire counsel, such that the Court should not appoint CJA counsel without further inquiry. The United States requests this inquiry pursuant to 18 U.S.C. § 3006A(c), which establishes that:

> If at any time after the appointment of counsel the United States magistrate judge or the court finds that the person is financially able to obtain counsel or to make partial payment for the representation, it may terminate the appointment of counsel or authorize payment as provided in subsection (f), as the interests of justice may dictate.

*Id.* In similar fashion, subsection (f) indicates that:

> Whenever the United States magistrate judge or the court finds that funds are available for payment from or on behalf of a person furnished representation, it may authorize or direct that such funds be paid to the appointed attorney, to the bar association or legal aid agency or community defender organization which provided the appointed attorney, to any person or organization authorized pursuant to subsection (e) to render investigative, expert, or other services, or to the court for deposit in the Treasury as a reimbursement to the appropriation, current at the time of payment, to carry out the provisions of this section.

18 U.S.C. § 3006A(f). Here, Judge Yarbrough appointed a federal defender, that federal defender worked diligently on the case until being replaced by retained counsel[2], and retained counsel represented Defendant until the present moment. The United States contends that, before appointing any CJA counsel at all, or before re-appointing the Federal Defender's office, the Court should conduct an inquiry into whether Defendant "is financially able to obtain counsel or to make partial payment for the representation" within the meaning of § 3006A.

B.   Defendant Is Not Entitled To Select Appointed Counsel.

Even if the Court finds that CJA counsel should be appointed, the Court should not

---
[2] On March 28, 2019, Doc. 21.

permit Defendant personally to select replacement counsel of his choosing.  While the Sixth Amendment contemplates a right to counsel of choice, this right does not extend to defendants, such as Defendant, who have claimed to be indigent and had counsel appointed to represent them.  *United States v. Gonzalez-Lopez*, 548 U.S. 140, 151 (2006); *see also United States v. Nichols,* 841 F.2d 1485, 1504 (10th Cir. 1988) ("[A]n indigent defendant does not have a right to choose appointed counsel.").  Rather, this Court has the exclusive authority to select appropriate counsel for Defendant.  *See In the matter of:  Plan for Appointment of Counsel and Other Services Pursuant to the Criminal Justice Act of 1964, as Amended, 2004*, Misc. No. 1426, ¶ 3(a) ("The Court, in its discretion, will determine whether a person entitled to representation will be represented by the Federal Public Defender or by a CJA panel attorney."); *see also United States v. Smith*, 323 F. App'x 650, 652 (10th Cir. 2009) (unpublished) ("The constitutional guaranty to be represented by counsel does not confer upon the accused the right to compel the court to appoint such counsel as the accused may choose. On the contrary, the selection of counsel to be appointed for an accused rests in the sound discretion of the court.") (internal quotations and citations omitted).  In the District of New Mexico, CJA attorneys are appointed on a random, rotating basis.  *See United States District Court, District of New Mexico, CJA Information Manual*, ¶ 2.A. ("CJA panel attorneys are offered appointment to represent criminal defendants . . . using a 'rotating' list."); *cf. United States v. Briggs*, 2005 WL 1353872, at *1 (D. Idaho June 5, 2007) (unpublished) ("[The defendant] clearly wanted to be represented by counsel; however, the appointment of CJA counsel is made on a random basis and a defendant is not entitled to appointment of any particular panel attorney.").

  Additionally, if the Court were to let this Defendant select his own CJA counsel, it could

invite all defendants to create or allege a conflict with their current counsel in order to attempt to obtain specific other counsel, contrary to the above-cited law. Accordingly, should the Court permit current counsel to withdraw, and should the Court find appointment of CJA counsel is appropriate the Court should appoint substitute counsel on a random basis.

C.  Conclusion.

For the reasons listed above, the United States respectfully requests the Court not appoint any CJA counsel without first satisfying itself that the appointment is appropriate under 18 U.S.C. § 3006A, and that, if it chooses to appoint counsel, it select appointed counsel randomly. The filing of this responsive document in CM/ECF caused a copy to be served on Kenneth Gleria, Esq. and Jack Mkhitarian, Esq., counsel for Defendant.

    Respectfully submitted,

    JOHN C. ANDERSON
    United States Attorney

    *Electronically Filed August 28, 2019*
    PAUL J. MYSLIWIEC
    ALEXANDER M.M. UBALLEZ
    Assistant United States Attorneys
    201 3d St., NW, Suite 900
    Albuquerque, NM 87102
    (505) 346-7274