IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                                                                                                                        No. CR 19-0077 JB

MICHAEL NISSEN,

       Defendant.

## **MEMORANDUM OPINION AND ORDER**

      **THIS MATTER** comes before the Court on the Court's First Proposed Jury Instructions, filed August 7, 2019 (Doc. 64)("First Proposed Jury Instructions"). The primary issue is whether the Court should include a Unanimity of Theory instruction, Tenth Circuit Criminal Pattern Jury Instructions § 1.24 at 37 (2011 Edition Updated February 2018), as to the charged offense's second element,[1] to clarify that, to convict Defendant Michael Nissen on either Count 1 or Count 2 of the Indictment for interstate transmission of threatening communications, 18 U.S.C. § 875(c), the Jury must agree on whether Nissen transmitted the communication: (i) with the intent to make a threat, or (ii) with the knowledge that the communication will be viewed as a threat. The Court does not

---

[1] The Indictment charges Defendant Michael Nissen with two violations of 18 U.S.C. § 875(c). See Indictment at 1, filed January 10, 2019 (Doc. 11). The Tenth Circuit's Criminal Pattern Jury Instructions provide that, to find a defendant guilty of 18 U.S.C. § 875(c), the jury must conclude that the United States has proved each of three elements beyond a reasonable doubt: (i) that the defendant knowingly transmitted a communication containing a threat to kidnap or injure the person of another; (ii) that the defendant transmitted the communication with the intent to make a threat, or with knowledge that the communication will be viewed as a threat; and (iii) that the communication was transmitted in interstate or foreign commerce. See Tenth Circuit Criminal Pattern Jury Instructions § 2.37.1, at 131 (2011 Edition Updated February 2018). The Court adopted the Criminal Pattern Jury Instruction in its First Proposed Jury Instructions. See First Proposed Jury Instructions at 11.

include an Unanimity of Theory instruction, because the United States Court of Appeals for the Tenth Circuit counsels against requiring unanimity of theory for the means by which a defendant commits a charged offense.

Nissen did not request an unanimity instruction at trial, so the Court's decision not to issue one is reviewable for plain error. See United States v. Mills, 29 F.3d 545, 548 (10th Cir. 1994)("Where, as in this case, a defendant does not request a specific unanimity instruction, we review the lack of such an instruction under the plain error standard."); United States v. Bedonie, 913 F.2d 782, 791 (10th Cir. 1990)("Appellants . . . contend they were deprived of their right to a unanimous verdict. . . . Appellants' contention was not raised before the district court, therefore, we must review appellants' argument under the plain error standard." (footnote omitted)); United States v. Phillips, 869 F.2d 1361, 1366 (10th Cir. 1988)("On appeal, Phillips raises for the first time the contention that the jury instruction given by the trial court . . . deprived him of a unanimous jury verdict. . . . We thus also review Phillips' objection to the lack of a specific unanimity instruction under the 'plain error' standard." (footnote omitted)).

The use note for the Tenth Circuit Pattern Jury Instruction on Unanimity of Theory states that the Unanimity of Theory instruction "should be used when the government introduces evidence that the defendant has committed multiple acts which may constitute an element of the crime," but that the instruction "should not be given when evidence concerning various means of committing the crime has been introduced." Tenth Circuit Criminal Pattern Jury Instructions § 1.24, at 37 (2011 Edition Updated February 2018)(UNANIMITY OF THEORY)(Use Note). The Tenth Circuit clarified in United States v. Kearn, 863 F.3d 1299 (10th Cir. 2017), that "unanimity is only required for elements of a crime, not for means of satisfying a given element." 863 F.3d at 1303. In United States v. Sorenson, 801 F.3d 1217 (10th Cir. 2015), the Tenth Circuit

concluded that the district court erred in giving a Unanimity of Theory instruction on the means by which the jury found that the defendant satisfied a particular element of the charged offense. See 801 F.3d at 1237.

In Richardson v. United States, 526 U.S. 813 (1999), the Supreme Court of the United States of America distinguished between a crime's elements and the various means of satisfying a particular element. See 526 U.S. at 817. A jury need not agree unanimously on the means by which a particular element is proven, so long as the alternative means presented may be treated as the equivalent of one another. See 526 U.S. at 828 (stating that "it is settled that jurors need not agree on all of the means the accused used to commit an offense"); id. at 836-37 (stating that, with regard to fundamental fairness, the court should ascertain whether each means of fulfilling an element reflects an equivalent notion of culpability). Here, Nissen is not more or less culpable if the Jury concludes that he transmitted the communications with the intent to make a threat than if the Jury concludes that he transmitted the communications with knowledge that they would be viewed as a threat. Further, the two means of satisfying the crime's second element do not constitute separate offenses. See Tenth Circuit Criminal Pattern Jury Instructions § 2.37.1, at 131 (2011 Edition Updated February 2018). See also United States v. Weller, 238 F.3d 1215, 1219-20 (10th Cir. 2001)(stating that a jury need not always agree on which of several means satisfies an element of the charged crime, but that a jury cannot convict unless it finds unanimously that each element of the crime has been proved); United States v. Powell, 226 F.3d 1181, 1194-95 (10th Cir. 2000)(holding that the trial judge did not commit reversible error by failing to instruct the jury that they must all concur on the means by which the defendant satisfied the crime's first element).

**IT IS ORDERED** that a Unanimity of Theory instruction is not added to the Court's First Proposed Jury Instructions, filed August 7, 2019 (Doc. 64), regarding the charged offense's second element.

                                                                                          _____
                                                                                          UNITED STATES DISTRICT JUDGE

*Counsel*:

John C. Anderson
  United States Attorney
Paul Mysliwiec
Jack Burkhead
Alexander Mamoru Max Uballez
  Assistant United States Attorneys
United States Attorneys Office
Albuquerque, New Mexico

        *Attorneys for the Plaintiff*

Jack Mkhitarian
Hakop J. Mkhitarian
Jack Mkhitarian Attorney at Law, LLC
Albuquerque, New Mexico

-- and --

Kenneth Gleria
Kenneth A. Gleria Attorney at Law
Albuquerque, New Mexico

        *Attorneys for the Defendant*