IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 19-CR-0077-JB |
| **MICHAEL NISSEN**, | ) |
| Defendant. | ) |

<u>UNITED STATES' PSR OBJECTIONS</u>

The United States of America is in receipt of the second Presentence Investigation Report ("PSR"), Doc. 88, for defendant Michael Nissen ("Defendant"). While the United States appreciates the Probation Office's diligent work in compiling the PSR, the report describes as irrelevant conduct that the Court has already ruled was relevant to the counts of conviction, and thereby makes several errors that must be corrected. The United States files this document to assist the Court in correcting those errors and correctly calculating the offense level and guideline range as required by law.

**Acknowledgement of Relevant Conduct**

On July 29, 2019, the United States filed notice that it intended to offer evidence of several non-charged incidents pursuant to Federal Rule of Evidence 404(B). Doc. 46. Defendant timely responded. Doc. 54. Before the trial began, the Court took oral argument regarding the 404(B) evidence. Doc. 58 (clerk's minutes). Relevant to these objections, that proposed 404(B) evidence included 1) the December 11, 2018 bomb scare initiated by Defendant at the New Mexico State Police ("NMSP") office in Albuquerque, 2) the December 13, 2018 interview with Bernalillo County Sheriff's Office ("BCSO") Detective Cash, and 3) the service

of the state search warrant, recovering the revolver referenced in the December 13 interview with Detective Cash. Having been fully briefed, the Court ruled that each of the proposed categories of evidence was relevant to the two charged counts, but that Defendant's conduct in the bomb scare incident was so odd ("weird" may have been the word the Court used) that it would potentially distract the jury's attention from the core evidence and the elements of § 875(c), and the information about the revolver was potentially unfairly prejudicial and unnecessary to prove the elements of the charged counts, such that each was excluded from presentation to the jury on rule 403 grounds.

Because the evidence of those two incidents (the December 11, 2018 bomb scare and the December 13, 2018 interview with Detective Cash and related recovery of the referenced revolver) are relevant to the charged conduct (and now the counts of conviction), the paragraphs describing them in the PSR should be included in the relevant conduct section. Yet those paragraphs currently appear at ¶ 38-40, in the irrelevant conduct section. This is error to which the United States objects. The United States respectfully requests the Court order those paragraphs moved to the relevant conduct section of the PSR.

In support of this request, the United States incorporates by reference its written argument in Doc. 46. Additionally, with respect to the December 11, 2018 bomb scare, the United States notes that the proffered facts (which now appear faithfully and truthfully in PSR ¶ 38) indicate conduct designed to scare or inconvenience the NMSP, the target of Defendant's wrath. And, with respect to the December 13, 2018 interview with Detective Cash, Defendant's own statement directly ties his carrying of a loaded revolver to his oppositional interest in state police such as Officer Burd, the interaction with whom caused the conduct charged in this case.

**Sentencing Enhancements**

The United States objects to the related decision by the Probation Office not to propose two sentencing enhancements, one under U.S.S.G. § 2A6.1(b)(1) for "any conduct evidencing an intent to carry out such a threat," and one under U.S.S.G. § 2A6.1(b)(4)(B) for substantial expenditure of funds to respond to the offense. The United States respectfully requests the Court, in correctly calculating the offense level and Guidelines range, apply both these sentencing enhancements.

The § 2A6.1(b)(1) enhancement applies because Defendant carrying around a loaded revolver, admittedly for the explicit purpose of opposing state police, is direct evidence of intent to carry out threats to "put a bullet in that *** pig's head" and "take my revolver out and [] put that *** drop dead…." *See* Trial Exhibits 2, 2a (relating to Count 1). The admission, coming as it did in a December 13 interview just two days after the December 11 bomb scare, is also potentially relevant to Defendant's attempt to enter the NMSP office, where he could have made good his threat to shoot Barbara Beuzekom in the face as per his threat in Count 2. There is no evidence of any innocent purpose for the carrying of that revolver here, only direct evidence that Nissen carried it to oppose whoever he considered to be a "rogue state cop[]." Therefore, the evidence is preponderant that Nissen, by carrying such a loaded revolver, and additionally by attempting to gain access to the NMSP office on December 11, 2018, had an intent to carry out his threats to shoot NMSP officers and employees. The Court should therefore apply a +6 enhancement to his final offense level as per § 2A6.1(b)(1).

The § 2A6.1(b)(4)(B) enhancement applies not only because responding to Defendant's bomb scare on December 11, 2018 took significant police resources, but also because Defendant's amusement at the response to his bomb scare is strong evidence that he intended

both to terrify and to provoke a response from the police with his antics. Defendant's amusement at the efforts required to respond to his bomb scare, and the significance of the police response, are currently described in PSR ¶ 39. Additionally, the Court has the trial evidence from several witnesses about the all-patrol-officer messages sent out to warn about the lethal danger Defendant represented, and about the warnings put up to alert even administrative employees to the dangers Defendant presented. No more evidence is required to form a preponderance with respect to the significance of the police response to Defendant's criminal behavior and relevant conduct. The Court should apply a +4 offense level enhancement pursuant to § 2A6.1(b)(4)(B).

With those two enhancements applied, Defendant's final offense level becomes 32, and at a criminal history category I his correct advisory Guidelines range is 121-151 months. Because he is convicted of two counts, each of which carries a maximum 60 months in prison, that would make his effective Guidelines range 120-120 by operation of law. The filing of these PSR objections in CM/ECF caused a copy to be served on Susan Porter, Esq., counsel for Defendant.

Respectfully submitted,

JOHN C. ANDERSON
United States Attorney

*Electronically filed November 21, 2019*
PAUL MYSLIWIEC
ALEXANDER M.M. UBALLEZ
Assistant United States Attorneys
201 Third St. NW, Suite 900
Albuquerque, NM 87102
(505) 346-7274
(505) 346-7296 fax