IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 19-077-JB |
| | ) | |
| MICHAEL NISSEN, | ) | |
| | ) | |
| Defendant. | ) | |

## UNITED STATES' RESPONSE TO *PRO SE* MOTION FOR DISCOVERY

The United States is in receipt of a *pro se* motion for discovery, Doc. 98. The United States respectfully files this brief in opposition. Citing generally several rules of criminal procedure, defendant Michael Nissen requests to know who presented items to the grand jury, to compel the United States to produce a statement about what happened in the grand jury, to compel a statement about the empaneling of the grand jury, and to obtain a transcript of grand jury minutes (a transcript and minutes being two different things). Doc. 98, pp. 1-2. The rules cited by Mr. Nissen do not authorize, and certainly do not compel, the disclosure of those items to criminal defendants. Fed.R.Crim.P. 6, 12, 16; *see* D.N.M.LR-Cr. 47.7 (setting forth the local rule governing citation of authority).

Mr. Nissen has not explained why he wants those items, analyzed why he believes he is entitled to them under the rules, or set forth how they could be material to his defense. As far as the United States can tell, there is no relief he could receive from obtaining those materials, he is not entitled to review them, and the United States is not authorized to disclose them to him[1]. The United States attempted to discuss this motion with Susan Porter, Esq., counsel for Mr.

---

[1] Any questions of witnesses in the grand jury, and their answers, were disclosed to trial defense counsel for any grand jury witnesses who also testified at trial, as *Jencks* disclosures.

Nissen, but Mr. Nissen refused to meet with her at an appointment yesterday, depriving her of the ability to assist him in his defense despite her diligent and expert efforts.

      Mr. Nissen is represented by counsel, appointed at no cost to him, and therefore should not benefit from any doctrines relaxing requirements for *pro se* pleadings.   The Court should deny the instant motion for its violation of D.N.M.LR-Cr. 47.7.   Alternatively, the Court should deny the motion on its merits.   The filing of this response in CM/ECF caused a copy to be served on counsel for Defendant, Susan M. Porter, Esq.

                                    Respectfully submitted,

                                    JOHN C. ANDERSON
                                  United States Attorney

                              *Electronically filed January 8, 2020*
                                PAUL J. MYSLIWIEC
                                ALEXANDER M.M. UBALLEZ
                                Assistant United States Attorneys
                                Post Office Box 607
                                Albuquerque, New Mexico   87103
                                (505) 224-1521