IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 19-CR-077-JB |
| ) | |
| MICHAEL NISSEN, ) | |
| ) | |
| Defendant. ) | |

## UNITED STATES' RESPONSE TO NUMEROUS *PRO SE* MOTIONS

The United States is in receipt of many *pro se* motions, on which the Court has recently set a hearing. Docs. 98, 106, 109, 110, 111, 112, and 113. The Court should deny these various *pro se* motions because defendant Michael Nissen ("Defendant") is represented by counsel, and because they are meritless. The United States will set forth the procedural basis for denying the motions first, and then will do its best to explain their lack of merit.

First, the Court should deny Defendant's *pro se* motions because he is represented by counsel, and it is counsel's duty to review Defendant's requests and decide which of them is sufficiently meritorious to bring to the Court's attention. *See United States v. Hill*, 526 F.2d 1019, 1025 (10th Cir. 1975) (finding no constitutional or statutory right to hybrid representation). Defendant has had counsel representing him at each critical stage of this prosecution, and has not asked to proceed *pro se*, or been advised of how he might do so. Although he does have the right to file motions on his own behalf, or even represent himself, he must make a clear and unequivocal decision to do so. *See Faretta v. California*, 422 U.S. 806, 835 (1957); *United States v. Mackovich*, 209 F.3d 1227, 1236 (10th Cir. 2000). And, even when a defendant presents his own defense, he "must also comply with relevant rules of procedural and substantive law." *Faretta*, 422 U.S. at 834 n. 46.

Second, as far as the United States can tell, the outstanding *pro se* motions are meritless. The United States has already responded to the *pro se* motion for grand jury materials.  Doc. 99. The remainder of the outstanding motions appear to be a "hodgepodge of unsupported assertions, irrelevant platitudes, and legalistic gibberish."  *See Crain v. C.I.R.*, 737 F.2d 1417, 1418 (5th Cir. 1984) (per curiam).  Defendant should also be cautioned that his behavior makes him potentially liable for an upward sentencing departure under U.S.S.G. § 5K2.0 for obstruction of justice, or a variance for the same reasons.  *See United States v. Jagim*, 978 F.2d 1032, 1039 (8th Cir. 1992) (affirming upward departure based, in part, on defendant "flooding the court with frivolous motions including some challenging the court's Article III status"); *United States v. Taylor*, 509 F. App'x 205, 211-12 (4th Cir. 2013) (unpublished) (obstruction enhancement appropriate where defendant repeatedly filed frivolous motions and lawsuits); *United States v. Goldberg*, 937 F. Supp. 1121, 1133-34 (M.D. Pa. 1996) (applying obstruction enhancement and upward departure in part because of frivolous motions).

The *pro se* motion at Doc. 106, titled "motion for leave to amend by addendum," appears to be a request to amend prior motions to dismiss to incorporate a reference to 4 U.S.C. §§ 116-126.  As 4 U.S.C. § 116(a) states, §§ 116-126 "apply to any tax, charge, or fee levied by a taxing jurisdiction as a fixed charge for each customer…."  Those statutes therefore have nothing to do with the criminal penalties imposed for violating 18 U.S.C. § 875(c), which are not taxes, charges, or fees levied for telephone service.

The *pro se* motion at Doc. 109, entitled "Motion to Dismiss Information on Two Counts of Conviction for Lack of Jurisdiction," is timely, because the Court's jurisdiction may be challenged at any time.  But this Court has already ruled on a motion to dismiss for lack of jurisdiction, at Doc. 101.  Defendant has not correctly requested reconsideration of that order,

nor has he pointed out any mistake of law, change in circumstances, or manifest injustice that would result from the Court's choice not to reconsider the opinion and order at Doc. 101.

In case the Court considers the venue challenge to be a new one, the evidence at trial conclusively established that the phone calls in question were both made and received in the District of New Mexico, making venue proper here. To the extent the Court considers the double jeopardy claim to be a new one, the two counts charged in this case were charged to have occurred on two separate dates, and the trial evidence conclusively established the two separate phone calls, weeks apart – so, Defendant was never twice placed in jeopardy for the same conduct. The United States agrees Defendant was never brought before the grand jury in this case, but neither does he have a right to address them in the federal system, nor does he claim any such right or any remedy for not having an opportunity to address the grand jury. *See* D.N.M.LR-Cr. 47.7 (setting forth the local rule governing citation of authority). Defendant's challenges to the validity of the statute of conviction, and the absurd claim that the statute was applied extraterritorially (to conduct that happened within the District of New Mexico) have merely been listed, not argued or analyzed, and so they are forfeited. *See United States v. Antonio Carrillo*, 19-CR-1991-KWR, Doc. 56, p. 6 (Riggs, J); *citing United States v. Elliott*, 684 F. App'x 685, 687 (10th Cir. 2017) (unpublished) ("Forfeiture occurs when the [movant] fails to timely and adequately present the argument in district court."); *see also United States v. Brune*, 767 F.3d 1009, 1019 (10th Cir. 2014) (facial challenges disfavored and should be used sparingly or as a last resort).

The *pro se* motion at Doc. 110, entitled "motion for judgment of acquittal after guilty verdict or, in the alternative, for a new trial," was untimely filed on January 24, 2020, after the conviction in August of 2019. *See* Fed. R. Crim. P. 29(c) and 33(b). And, Defendant has not

even attempted to show good cause for the lateness of his filing.  Doc. 110.   But, even if the Court should choose to exercise its authority under Fed. R. Crim. P. 45(b) to review the merits of the motion, it will find that none exist.   Defendant's complains, largely about the Court's other memorandum opinions and orders, are properly raised on appeal.   The evidence presented at trial conclusively showed that Defendant threatened to kill other people, that he did so in phone calls that went to Plano, Texas before being delivered in the District of New Mexico, and that he made those threats wanting to be taken seriously (which is to say, they were true threats).   No more is required to sustain convictions under 18 U.S.C. § 875(c).   As for numbered paragraph 8, the United States and the undersigned Assistant United States Attorneys do not even know what government conduct Defendant is complaining about.   As in other motions, Defendant merely lists numerous grounds for his complaints without citing any authority or performing any legal analysis.   For those reasons, the Court should consider all listed arguments forfeited.   *See Carrillo*, *supra*.

Defendant's *pro se* motion at Doc. 111, entitled "Motion for Acquittal or to Dismiss Information of Two Counts for Prosecutorial Misconduct," doesn't actually allege any misconduct by the undersigned.   Instead, it is, even more than the rest of these *pro se* motions, a "hodgepodge of unsupported assertions, irrelevant platitudes, and legalistic gibberish."   *See Crain v. C.I.R.*, 737 F.2d 1417, 1418 (5th Cir. 1984) (per curiam).   There is an *ex post facto* challenge, but Defendant does not even allege that 18 U.S.C. § 875(c) became law after his conduct at issue here in 2018.   The claims of selective prosecution, improper presentation to the grand jury, and irrelevance of the call log are so cursory as to be forfeited.   *See Carrillo, supra*.

Defendant's *pro se* motion at Doc. 112, entitled "Notice of Motion for Acquittal, Overturn Guilty Verdict, Or, Dismiss Information of Conviction of Counts I and II," defendant

invokes the Religious Freedom Restoration Act, without describing how his conduct was, in any way, based on religious beliefs.  His failure to plead any religious motive for his offense conduct is fatal to any Religious Freedom Restoration Act claim.

Defendant's most recent *pro se* motion filing, at the time of this response, at Doc. 113, is entitled "Motion to Dismiss Information of Illegal Convictions on Counts I and II for Federal Abuse of Arbitrary Power and Judicial Misconduct."  Contrary to its title, though, the motion does not allege any actual misconduct by the Court – just judicial decisions with which Defendant disagrees.  The Defendant also re-asserts in Doc. 113 statutes previously invoked, including those from Title 4 of the United States Code, the Religious Freedom Restoration Act, and states some general principles from the Constitution.  Defendant also complains about the temporary seizure of his shotgun by Officer Burd during the traffic stop on November 2, 2018, as Officer Burd testified about at trial.  *Id*. at 10.  He complains, without any detail or specific allegations, that prior attorneys were ineffective in their assistance to him.  *Id*.

Defendant claims, without analysis, that he is a "non citizen national sovereign of a free and independent state."  *Id*. at 11.  But he was born in New Mexico in 1955, and New Mexico has been a member of the United States since January 6 of 1912, so it is not clear what good faith basis he has to believe he is not an American citizen.

Defendant claims, not for the first time, that his threats to kill pigs "referenced to a pig of the four legged hoofed family."  *Id*. at 12-13.  The Court already analyzed this potential inference in its order denying a previous motion to dismiss, Doc. 101.  Defendant has not met the reconsideration standard with the inclusion of this argument in Doc. 113.

Defendant's motion goes on to complain that this Court has violated the Monroe Doctrine.  Doc. 113, p. 13.  But the Monroe Doctrine, as described by President Monroe in an

annual message delivered to Congress in 1823, discouraged European interference in the Western Hemisphere.   It had nothing to do with the power or jurisdiction of the federal courts within the United States.

Defendant next complains about being shackled under the defense table at trial.  *Id*.  But the Court ordered that limited restraint after thorough briefing and analysis, and there is no reason to believe any juror ever noticed it.   Defendant complains he was not produced at an evidentiary hearing.  *Id*.   But there was no such hearing in this case for which he was absent – Defendant was present at all critical stages of this litigation.

As far as the United States can tell, those are the substantive arguments and complaints advanced by Defendant.   The United States will be available at the motions hearing set for March 23, 2020, in case the Court has any further specific questions or would like any further briefing.   The filing of this motion response in CM/ECF will cause a copy to be served on Joe Romero, Esq., who appears to be completely blameless in the filing of these numerous and frivolous *pro se* motions.

    Respectfully submitted,

    JOHN C. ANDERSON
    United States Attorney

    *Electronically filed February 28, 2020*
    PAUL J. MYSLIWIEC
    ALEXANDER M.M. UBALLEZ
    Assistant United States Attorneys
    Post Office Box 607
    Albuquerque, New Mexico   87103
    (505) 224-1521