IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.   19-CR-77-JB |
| vs. ) | |
| ) | |
| MICHAEL NISSEN, ) | |
| ) | |
| Defendant. ) | |

**UNITED STATES' RESPONSE TO DEFENSE MOTION TO SEND DEFENDANT TO A FEDERAL MEDICAL FACILITY TO DETERMINE COMPETENCY**

The United States respectfully files this response to defendant Michael Nissen ("Defendant")'s Motion to Transfer Defendant to a Federal Medical Facility to Determine Competency, Doc. 137. Defendant has not set forth a sufficient basis for the Court to grant his request. The United States will give brief background before analyzing the legal standard.

Prior counsel raised a concern about Defendant's competency to stand trial, and requested he be assessed in that regard. Doc. 17. Defendant has been locally evaluated by Dr. Mercedes Marshall, who found that he was competent to stand trial. Doc. 29. After that assessment, Defendant was convicted at trial. Doc. 73. Since then, no doctor has met with and evaluated Defendant, and the Court has not found him incompetent to proceed further.

Defendant now requests the Court send him to a Federal Medical Facility ("FMC") to determine competency, pursuant to 18 U.S.C. §§ 4241 and 4246.[1]  Doc. 137.  18 U.S.C. § 4241

---

[1] Though the convention is to refer to Defendant as the one filing motions and making requests, in this instance it is current counsel for Defendant, Joe Romero, Esq., who has filed the instant

1

provides that the Court shall hold a hearing to determine competency, or request an evaluation in advance of such a hearing, "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." While Defendant references Section 4246,[2] it appears that in actuality his request is predicated on Section 4247(b).  Section 4247(b) provides that, in advance of a competency hearing pursuant to section 4241, "the court may commit the person to be examined for a reasonable period, not to exceed thirty days," to the custody of the Attorney General, which is to say to a FMC.

While the Court has the authority to order a competency examination at an FMC, the record does not support the need for such an order.  Rather, the Court has Dr. Marshall's report, determining that Defendant is competent for criminal proceedings as long as he trusts his attorney.  Doc. 29, PCE, p. 11.  The Court has appointed several attorneys to represent Defendant, as detailed in a recent Opinion and Order.  *See* Doc. 135, p. 18, n. 3.  Current defense counsel, Joe Romero, Esq., has attempted diligently to meet with Defendant or have his status assessed, but has been rebuffed.  *See* Doc. 137, pp. 2-3 (detailing counsel and Dr. Brovko's unsuccessful attempts to confer with and evaluate Defendant).  The last mental evaluation in which Defendant participated concluded that he was competent to proceed, and it

---

motion.  On information and belief, Defendant himself did not consent to the filing.
[2] Section 4246 relates to people who are in the custody of the Bureau of Prisons whose sentence is about to expire, so that does not seem applicable here (because Defendant has not yet been sentenced and therefore has not entered the custody of the Bureau of Prisons).

seems clear that Defendant will not participate voluntarily in any further evaluations.  Defense counsel has not provided a reason to believe Defendant would participate any more at a FMC than he has locally with Dr. Brovko.  And, Defendant's *current* refusal to cooperate is not itself evidence of incompetence (the Court will remember the Defendant showed proper decorum at all times in front of the jury at trial in this case).  *See, e.g.*, *United States v. Mitchell*, 706 F.Supp.2d 1148, 1227 (D. Utah 2010) ("Ultimately, however, the extent to which [the defendant] cooperates with counsel is irrelevant.  The question is whether he has a sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding.  Accordingly, the evidence proves that [the defendant] has the capacity to assist his counsel in his defense and the ability to behave appropriately in the courtroom.  A defendant cannot voluntarily stop the process.").  Defendant is behaving the same way he did when Dr. Marshall found him competent – defiant and obstructive, but not incompetent.

   The United States does not disparage new defense counsel's inquiry into Defendant's mental status, which makes up an important part of Defendant's personal characteristics.  That investigation, and presentation to the Court, is an important part of any § 3553(a) sentencing argument, and Mr. Romero has demonstrated exemplary diligence in pursuing that evidence since his appointment in this case.  Defendant has not presented, however, sufficient evidence to warrant a renewed § 4241 competency inquiry.  The United States respectfully requests Defendant's motion for such inquiry at Doc. 137 be DENIED.

The filing of this motion response in CM/ECF caused a copy to be served on Joe M. Romero, Esq., counsel for Defendant.

        Respectfully submitted,

        JOHN C. ANDERSON
        United States Attorney

        *Electronically filed May 5, 2020*
        PAUL J. MYSLIWIEC
        ALEXANDER M.M. UBALLEZ
        Assistant United States Attorneys
        P.O. Box 607
        Albuquerque, New Mexico   87103
        (505) 346-7274