IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

          Plaintiff,

vs.                        No. 19-CR-0077-JB

MICHAEL NISSEN,

          Defendant.

### SUPPLEMENT TO SENTENCING MEMORANDUM IN SUPPORT OF A DOWNWARD DEPARTURE AND A DOWNWARD VARIANCE

Defendant Michael Nissen ("Mr. Nissen"), by and through his counsel of record, Romero & Winder, PC (Joe M. Romero, Jr.), respectfully supplements the Motion for Downward Departure and Downward Variance (Doc. 136) previously filed in this case. By way of supplementation, undersigned counsel states as follows:

On April 30, 2020, undersigned counsel filed a Sentencing Memorandum on behalf of Mr. Nissen (Doc. 136). As indicated in a footnote to the Sentencing Memorandum, Mr. Nissen has declined to assist or cooperate with undersigned counsel regarding the preparation and submission of said Sentencing Memorandum (Doc. 136 at 1). As articulated in his numerous and voluminous *pro se* pleadings, Mr. Nissen disputes the government's authority to charge him with any offense, including those offenses which are the subject of his indictment. Moreover, he disputes and objects to the Court exercising any authority over any phase of his case, including sentencing.

On June 12, 2020, pursuant to court order, Mr. Nissen was temporarily transferred to FMC – Butner for a competency evaluation, (Doc. 148). A Forensic Evaluation was completed

on or about February 22, 2021, and disclosed to the parties on March 17, 2021, Doc. 169). In a prior competency evaluation, dated June 8, 2019 and performed by Mercedes Marshall, Ph.D, Mr. Nissen was diagnosed with a "delusional disorder, mixed with paranoid and grandiose delusions". The FMC – Butner Forensic Evaluation disagreed with Dr. Marshall's diagnosis and instead made the following findings:

> Mr. Nissen was previously diagnosed with delusional disorder, mixed with paranoid and grandiose delusions, and "rule-out" diagnoses of schizophrenia and bipolar II disorder were also provided. However, based on extended observation, clinical interviews, and review of records, Mr. Nissen does not meet criteria for those disorders. Mr. Nissen's unconventional belief system is consistent with the subculture belief system of the sovereign citizen movement, which differentiates it from a delusional disorder…. As described in the previous paragraphs, Mr. Nissen's presentation is mostly consistent with a personality disorder rather than a psychotic disorder.

Doc. 169, Forensic Evaluation at 8.

Regarding competency, the FMC – Butner Forensic Evaluation concluded that despite suffering from a personality disorder, Mr. Nissen is competent to proceed to sentencing pursuant to 18 U.S.C. § 4241 (Doc. 169 at 10-11). That is, although suffering from a diagnosed personality disorder, Mr. Nissen was found to possess a factual and rational understanding of his case as well as possessing the capacity, if not the willingness, to consult with counsel (Doc. 169, Forensic Evaluation at 9 -10).

In his original motion (Doc. 136), undersigned counsel sought a downward departure and / or variance based on the contention that Mr. Nissen suffers from diminished mental capacity which places Mr. Nissen outside of the "heartland" of similarly charged defendants. Undersigned counsel contends that FMC – Butner's Forensic Evaluation supports this contention. That is, while rendering a different diagnosis (i.e., delusional disorder vs. personality

disorder), FMC – Butner's Forensic Evaluation confirms that Mr. Nissen's rational thought process is compromised. Mr. Nissen's "irritable mood, guarded demeanor, and conflictual interactions with others …. [is] a function of a characterological deficit - specifically a personality disorder wherein antisocial behavior and narcissistic traits predominate" (Doc. 169, Forensic Evaluation at 6).

The result of his personality disorder is that what is real to Mr. Nissen is limited to what he believes to be real. His personality disorder renders him unable to consider or entertain the possibility that he is wrong. Relevant to this case, when his personality disorder is combined with his sovereign citizen ideology, Mr. Nissen is incapable of understanding and / or appreciating that he has done anything wrong or otherwise acknowledging the authority of the government to prosecute him and the Court to sentence him.

The following are some illustrative observations referenced in the FMC – Butner Forensic Evaluation:

> Mr. Nissen frequently presented as verbally combative, evasive, and non-cooperative. He often spoke at length about various governmental theories, and often refused to answer questions directly asked of him, rather discussing topics of his interest at length.

Doc. 169, Forensic Evaluation at 9.

> He expressed his beliefs at length, and noted his filing motions due to concerns his "truth" has not been understood.

Doc. 169, Forensic Evaluation at 5.

> During one encounter, Mr. Nissen initially asserted he would not speak with the undersigned, stating, "As executer of my estate I can longer answer your questions".

Id.

> Mr. Nissen was difficult to engage in a reciprocal conversation as he often presented with a sense of urgency, spoke over the undersigned and

3

>commanded the flow of the interview. At times, his attitude appeared superior in relation to the undersigned, as he attempted to direct the interview process and tried to correct the undersigned several times.

Id.

>Mr. Nissen … would frequently interrupt and talk over this writer and speak at length regarding his belief system. He asserted, "You're a fictitious government and what you're doing is fraudulent," and "he [his lawyer] is representing a fictitious man, they are representing the strawman name. I am a private citizen non-enemy combatant and I don't recognize those black robe priests [referring to the judge]."

Id.

Regarding Mr. Nissen's prognosis, the FMC – Butner Forensic Evaluation opined that Mr. Nissen faces a steep climb in realizing the insight and coping mechanisms necessary reorient his behavior. Specifically, the evaluator states that "Mr. Nissen's prognosis is guarded. Characterological issues are pervasive, enduring, and unlikely to change over time." (Doc. 169, Forensic Evaluation at 8).  To the extent, Mr. Nissen's personality disorder is not the result of free will or a conscious choice, this Court should tailor a sentence in this case that accounts for Mr. Nissen's diagnosed personality disorder.

## **CONCLUSION**

Wherefore, for the foregoing reasons, undersigned counsel respectfully requests that this Court grant a downward departure to the Guidelines sentence based on his diminished capacity under U.S.S.G. § 5K2.13, and / or a downward variance based on a consideration of the factors outlined in 18 U.S.C. § 3553(a).

        Respectfully Submitted,
        */s/ Joe M. Romero, Jr.*
        Joe M. Romero, Jr.
        Romero & Winder, PC
        Attorney for Michael Nissen
        P.O. Box 25543
        Albuquerque, N.M. 87125-25543
        O: 505.843.9776
        F: 505.212.0273
        EM: joe@romeroandwinder.com

**Certificate of Service**

     I hereby certify that, on June 7, 2021, the foregoing pleading was filed electronically pursuant to CM/ECF procedures for the District of New Mexico, which caused the parties and/or their counsel to be served by electronic transmission, as more fully reflected by the Notice of Electronic Filing.

*/s/ Joe M. Romero, Jr.*
Joe M. Romero, Jr.