IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 19-CR-0077-JB ) |
| **MICHAEL NISSEN,** | ) ) |
| Defendant. | ) ) |

## UNITED STATES' FINAL PSR OBJECTION AND SENTENCING MEMORANDUM

The United States of America is in receipt of the third Presentence Investigation Report ("PSR"), Doc. 151, the second addendum thereto, Doc. 182, and the defense sentencing memorandum, Doc. 136, and addendum to that memorandum, Doc. 198 for defendant Michael Nissen ("Defendant").  The United States has one new objection to the most recent PSR, based on Defendant's conduct since trial and since that PSR was published, in that the United States urges the Court to find that Defendant has obstructed justice with his numerous unreasonable *pro se* filings and related behavior.  If the Court sustains that objection, Defendant's offense level will be 24, his criminal history category will be I, and his advisory guideline range will be 51-63 months.  The United States nevertheless requests an upward variance to the statutory maximum of 120 months.

The central question the Court should answer at sentencing is: can the Court be confident that any sentence below the maximum is sufficient to protect the public from further crimes of the defendant as 18 U.S.C. § 3553(a)(2)(C) requires?  Defendant has given every indication that it cannot.  Defendant has recently written in his own sentencing memo addendum that he is "unable to consider or entertain the possibility that he is wrong." Doc. 198, p. 3.  As he also

wrote, Defendant "faces a steep climb in realizing the insight and coping mechanisms necessary [to] reorient his behavior." *Id*. at 4.  Meaning, the Court has no reason to believe that Defendant will be willing to conform his behavior to the law in the future.  It logically follows that no sentence below the maximum will be "sufficient, but not greater than necessary" to achieve all of the federal sentencing goals.

Defendant's energy in troubling this Court with his voluminous, illogical *pro se* filings, and his related refusal to cooperate with learned counsel Joe Romero, Esq. and the probation officer in this case, have substantially delayed and obstructed the proceedings necessary to advance this case to its conclusion.  As the Court has personally explained to Defendant, all of Defendant's complaints about his attorneys and structural defects of his trial can only be brought on *habeas corpus* review pursuant to section 2255, which can only be brought after his direct appeals are complete, which can only be completed if he is sentenced and a judgment issues.  But the Court's reasonable, true, and patient explanations have fallen on uncaring ears, and Defendant continues to file declarations of contempt for this Court's authority over him.  Defendant's conduct meets the standard to receive an upward adjustment for obstruction of justice.  *See United States v. Jagim*, 978 F.2d 1032, 1039 (8th Cir. 1992) (affirming upward departure based, in part, on defendant "flooding the court with frivolous motions including some challenging the court's Article III status"); *United States v. Taylor*, 509 F. App'x 205, 211-12 (4th Cir. 2013) (unpublished) (obstruction enhancement appropriate where defendant repeatedly filed frivolous motions and lawsuits); *United States v. Goldberg*, 937 F. Supp. 1121, 1133-34 (M.D. Pa. 1996) (applying obstruction enhancement and upward departure in part because of frivolous motions).  The United States respectfully objects to the third PSR and requests that upward adjustment now.

As to the other § 3553(a) factors, the Court is already very familiar with the facts and circumstances of the offense from trial. Defendant committed violent crimes when he threatened to murder first police officers, and later civilian police administrators, simply for doing their jobs. He threatened specifically to shoot each of the victims in this case, rather than performing violence against them some other way, and he carried a loaded revolver that he told law enforcement he carried specifically for "rogue cops." Of course, he considered law enforcement to be "rogue" whenever they exceeded his preferred scope of their authority. He, on the other hand, has asserted before this Court that he was free to threaten to kill them as an expression of his First Amendment freedoms.

Defendant's view of restrictions on behavior has been as clear as it has been consistent throughout these proceedings: rules for thee, but not for me. He can drive around with an expired registration and lapsed insurance coverage, but any State Police officer who dares write him a ticket deserves a bullet in the head, in Defendant's view. He has the First Amendment right to petition his government for redress of grievances by calling the New Mexico State Police to complain about a traffic stop, but when the civilian employee who answers the phone does not satisfy his desires quickly enough, she deserves to be shot in the face, in Defendant's view. She further deserves, as far as Defendant is concerned, to be subjected to a bomb threat when Defendant personally delivers a fake bomb to the front door of her headquarters. Defendant has declared throughout this case that the United States has no authority to prosecute him for these behaviors, and that this Court has no authority to adjudicate the legal issues presented. But it is not really freedom that Defendant seeks. As John Milton said, "none can love freedom heartily, but good men; the rest love not freedom, but license."

The Court is confronted with two very different, but equally distressing possibilities: either Defendant is able to control his behavior, and chooses to act like this, or he cannot control his behavior, and is like this through no fault of his own.  The Court has, with the agreement of all parties and based on expert medical advice, found Defendant competent to be sentenced.  Doc. 199.  Meaning, the Court has determined that Defendant chooses voluntarily his own course of conduct, and therefore can be blamed for those choices.

There is unlikely to be any term of years after which Defendant will conform his behavior to the requirements of polite society.  Defendant will likely remain an unacceptable danger to the community so long as he is capable of doing harm, which, because of the existence of firearms, requires only the barest minimum of physical prowess.  But the Court should do its best by sentencing Defendant to the maximum available 120 months in prison, with the maximum term of supervised release to follow.  The filing of this sentencing memorandum caused a copy to be served on Joe Romero, Esq., counsel for Defendant.

    Respectfully submitted,

    FRED J. FEDERICI
    Acting United States Attorney

    *Electronically filed June 9, 2021*
    PAUL J. MYSLIWIEC
    ALEXANDER M.M. UBALLEZ
    Assistant United States Attorneys
    201 Third St. NW, Suite 900
    Albuquerque, NM 87102
    (505) 346-7274
    (505) 346-7296 fax