IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                                 No. CR 19-0077 JB

MICHAEL NISSEN,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on: (i) the Defendant's Affidavit of Formal Objections to Second Addendum to the Presentence Report, filed June 4, 2021 (Doc. 194)("Nissen Objection"); and (ii) the Plaintiff United States of America's Final PSR Objection and Sentencing Memorandum, filed June 9, 2021 (Doc. 200)("United States Objection").[1] The primary issues are: (i) whether the Court should apply a 2-level sentencing enhancement under United States Sentencing Guidelines ("U.S.S.G") § 3C1.1, because Defendant Michael Nissen's numerous pro se filings are unreasonable and amount to obstruction of justice; and (ii) whether the Court has subject-matter-jurisdiction, because, according to Nissen, the Second Addendum to the Presentence Report, filed May 26, 2021 (Doc. 182)("Second Add. PSR"), is "null and void," Nissen Objection at 1. The Court concludes: (i) Nissen's filings, although largely frivolous, do not warrant a 2-level enhancement, because the Plaintiff United States of America's has not shown that Nissen's intent is to obstruct or impede proceedings; and (ii) Nissen's jurisdictional argument has no sound legal basis. Accordingly, the Court overrules the United States' and Nissen's Objections.

---

[1]The Court has ruled on the United States' previous objections to the Revised Presentence Investigation Report, filed November 7, 2019 (Doc. 88). See Memorandum Opinion And Order, filed June 3, 2020 (Doc. 146).

Nissen objects that the Second Add. PSR is "null and void." Nissen Objections at 1. The operative PSR is the Amended Presentence Investigation Report, filed July 7, 2020 (Doc. 151)("Amended PSR"). Nissen argues that neither the Court nor the United States Probation Office ("USPO")

> has subject matter jurisdiction whatsoever over the man who is being denied due process of law by failure of the administrative agency to provide a requested adjudicative hearing and declaratory order in writing determining that I that private living man am subject to the code(s), therefore, I abate this presentence for I am being denied due process of law of which this court lacks subject matter jurisdiction . . . .

Nissen Objection at 1. Nissen's pro se[2] arguments are grounded in his belief that as a "living man" or a sovereign citizen the Court does not have jurisdiction over him,[3] Nissen Objection at 1; courts, however, routinely reject these arguments as "patently frivolous," United States v. Sellors, 572 F. App'x 628, 632 (10th Cir. 2014). See, e.g., United States v. Palmer, 699 F. App'x 836, 838 (10th Cir. 2017)("As for [the defendant's] sovereign state citizen argument, reasonable jurists could also not disagree that the claim is plainly frivolous."); Charlotte v. Hansen, 433 F. App'x 660, 661 (10th Cir. 2011)("We note that an individual's belief that her status as a 'sovereign citizen' puts her beyond the jurisdiction of the courts 'has no conceivable validity in American law.'")(quoting

---

[2]Although an extraordinary well-regarded counsel represents Nissen, Nissen has made numerous pro se filings, including his Objection.

[3]The Southern Poverty Law Center reports:

> Sovereign citizens believe that they -- not judges, juries, law enforcement or elected officials -- get to decide which laws to obey and which to ignore, and they don't think they should have to pay taxes. Sovereigns are clogging up the courts with indecipherable filings and when cornered, many of them lash out in rage, frustration and, in the most extreme cases, acts of deadly violence, usually directed against government officials.

Sovereign Citizens Movement, Southern Poverty law center, https://www.splcenter.org/fighting-hate/extremist-files/ideology/sovereign-citizens-movement (last visited June 17, 2021).

United States v. Schneider, 910 F.2d 1569, 1570 (7th Cir. 1990)); United States v. Benabe, 654 F.3d 753, 767 (7th Cir. 2011)("Regardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts.  These theories should be rejected summarily[] however they are presented."); United States v. My Dr. Suggests LLC, No. 2:20-CV-00279 DBB, 2021 WL 662442, at *2 (D. Utah Feb. 19, 2021)(Barlow, J.)("Theories about lack of jurisdiction based on sovereign citizenry should be rejected summarily."); Osorio v. Connecticut, No. 3:17-CV-1210 (CSH), 2018 WL 1440178, at *5 (D. Conn. Mar. 22, 2018)(Haight, J.)(listing cases and noting: "Numerous Circuits have noted the rise of this movement and rejected its underlying premise that federal courts lack jurisdiction over all 'living men.'")(no citation for quotation).  Accordingly, the Court overrules Nissen's Objection.

Turning to the United States' Objection, the Court concludes that Nissen's filings, although largely frivolous, do not warrant a 2-level enhancement under § 3C1.1(b)(1), because the United States has not shown that Nissen's intent is to obstruct or impede proceedings.  The Guidelines provide that a defendant obstructs or impedes the administration of justice, if:

> (1) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (2) the obstructive conduct related to (A) the defendant's offense of conviction and any relevant conduct; or (B) a closely related offense, increase the offense level by 2 levels.

U.S.S.G. § 3C1.1(b)(1).  The Application Notes explain:

> This adjustment applies if the defendant's obstructive conduct (A) occurred with respect to the investigation, prosecution, or sentencing of the defendant's instant offense of conviction, and (B) related to (i) the defendant's offense of conviction and any relevant conduct; or (ii) an otherwise closely related case, such as that of a co-defendant.

U.S.S.G. § 3C1.1, cmt. n.3.  Further, "[o]bstructive conduct can vary widely in nature, degree of planning, and seriousness."  U.S.S.G. § 3C1.1, cmt. n.3.

The United States "urges the Court to find that Defendant has obstructed justice with his numerous unreasonable pro se filings and related behavior," including Nissen's "related refusal to cooperate with learned counsel Joe Romero, Esq. and the probation officer in this case." United States Objection at 1-2.  The United States maintains that Nissen's "conduct meets the standard to receive an upward adjustment for obstruction of justice."  United States Objections at 2 (citing United States v. Taylor, 509 F. App'x 205, 211-12 (4th Cir. 2013); United States v. Jagim, 978 F.2d 1032, 1039 (8th Cir. 1992); United States v. Goldberg, 937 F. Supp. 1121, 1133-34 (M.D. Pa. 1996)(McClure, J.)).

The Court concludes that the three cases which the United States cites are distinguishable, and none of the § 3C1.1's examples of covered conduct apply here.  In United States v. Goldberg, the Honorable James McClure, United States District Judge for the United States District Court for the Middle District of Pennsylvania, applied the obstruction-of-justice enhancement, where the "enchantment was based on the threat to the life of defense counsel," something that has not occurred here.  937 F. Supp. at 1133.  The United States Court of Appeals for the Eighth Circuit affirmed a district court's decision not to enhance a defendant's sentence under § 3C1.1, but "to enhance [his] sentence more substantially under U.S.S.G. § 5K2.0," based on the defendant's "egregious" behavior, "including perjury, suborning perjury, his extensive and long-term criminal participation in the tax fraud, and his flooding the court with frivolous motions including some challenging the court's Article III status."  United States v. Jagim, 978 F.2d at 1039.  Other than Nissen's frivolous filings, there are no similarities.  Next, the United States Court of Appeals for the Fourth Circuit affirmed a district court's application an obstruction of justice enhancement under U.S.S.G. § 3C1.1, where the district court concluded that the defendant "deliberately used the [sovereign citizen] defense to 'thwart' the court system and, in particular, his prosecution." United States v. Taylor, 509 F. App'x at 212 (quoting appellate record).  Further,

at sentencing, the court found:

> [T]his is clearly a case in which there's been a systematic effort to thwart this prosecution, both by actions internal to the case with the pleadings that I have summarized previously, as well as frivolous suits that were consistently dismissed by this court after a considerable amount of effort by staff of this court and by this judge to deal with it.
>
> It found further that [the defendant] had "run roughshod over the court system" by filing a flood of motions and "14 civil suits . . . all of which have been found to be frivolous and dismissed."

United States v. Taylor, 509 F. App'x 205, 213 (second brackets added)(quoting appellate record). Here, the United States has pointed to nothing in the record to show that Nissen's conduct, including filing his numerous pro se frivolous claims, was done either "willfully" or in an "attempt[] to obstruct or impede, the administration of justice . . . ." U.S.S.G. § 3C1.1. Absent such a showing of intent, the obstruction-of-justice enhancement is not warranted. Here, Nissen is not trying to obstruct justice; he truly believes his gobbledygook filings. And even when he is competent, he does realize what gibberish he is espousing. See Order Finding Defendant Competent, filed June 8, 2021 (Doc. 199)("Order").[4] The Court is reluctant to label frivolous

---

[4]In the Order, the Court determined:

> Based on the representations of the psychological report (Doc. 169), which the Court adopts, Defendant appears to adequately understand the legal process to meet competency criteria. Defendant presents with features of a personality disorder, which is categorical in nature. Furthermore, Defendant's extreme overvalued beliefs relating to the sovereign citizen movement, while taking on an organizing function and occupying a central role in his life, are best understood as an extremist political philosophy and not as a psychotic belief system. Defendant has a factual understanding, in addition to the capacity and ability to assist his attorney, should he be willing to do so. Finally, at a hearing held on May 7, 2021, neither party objected to the psychological report or to the Court entering an order finding the Defendant competent to proceed. Therefore the Court finds and concludes that Defendant is competent to proceed pursuant to Title 18, United States Code Section 4241.

Order at 1.

motions as obstruction-of-justice if the defendant truly believes in the content. Finally, although the United States does not cite it, § 3C1.1 Application Note 4 provides a non-exhaustive list of covered conduct, none of which applies here. See U.S.S.G. § 3C1.1, cmt. n.4 (listing examples such as threatening witnesses, committing perjury, making false documents, destroying evidence, escaping custody, providing false information to a judge or law enforcement officer). These egregious examples do not apply here. Accordingly, absent evidence of Nissen's intent to obstruct or impede, § 3C1.1 is inapplicable.

**IT IS ORDERED** that: (i) the Objection in Defendant Michael Nissen's Affidavit of Formal Objections to Second Addendum to the Presentence Report, filed June 4, 2021 (Doc. 194), is overruled; and (ii) the Objection in Plaintiff's United States' Final PSR Objection and Sentencing Memorandum, filed June 9, 2021 (Doc. 200), is overruled.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Fred J. Federici
  Acting United States Attorney
Paul J. Mysliwiec
Alexander M.M. Uballez
  Assistant United States Attorneys
United States Attorney's Office
Albuquerque, New Mexico

   *Attorneys for the Plaintiff*

Joe M. Romero, Jr.
Romero & Winder, PC
Albuquerque, New Mexico

   *Attorney for the Defendant*