# UNITED STATES DISTRICT COURT, DISTRICT OF NEW MEXICO
## SENTENCING MINUTE SHEET

| | | | |
|---|---|---|---|
| CR No: 19-0077 JB | | USA vs.: Nissen | |
| Date: 6/18/21 | | Name of Deft: Michael Nissen | |
| Before the Honorable: | James O. Browning | | |
| Time In/Out: | 1:24 pm – 2:36 pm | Total Time in Court (for JS10): | 1 hour, 12 minutes |
| Clerk: | Lauren Rotonda | Court Reporter: | J. Bean |
| AUSA: | Paul Mysliwiec, Alex Uballez | Defendant's Counsel: | Joe Romero, Jr. (appointed) |
| Sentencing in: | Albuquerque | Interpreter: | n/a |
| Probation Officer: | Michael Bartholomew | Interpreter Sworn? | Yes / No |

| Convicted on: | Plea | | Verdict | X | As to: | Information | | X | Indictment |
|---|---|---|---|---|---|---|---|---|---|
| If Plea: | Accepted | | Not Accepted | | Adjudged/Found Guilty on Counts: | | | | |
| If Plea Agreement: | Accepted | | Not Accepted | | No Plea Agreement | Comments: | | | |
| Date of Plea/Verdict: | 8/7/19 | PSR: | | Not Disputed | x | Disputed | x | Courts adopts PSR Findings | |
| Evidentiary Hrg: | x | Not Needed | | Needed | | Exceptions to PSR: | | | |

| **SENTENCE IMPOSED** | Imprisonment (BOP): | Counts 1 and 2: 41 months, to run concurrently. |
|---|---|---|
| Supervised Release: Counts 1 and 2: 3 years, to run concurrently. | | Probation: |
| REC | 500-Hour Drug Program | BOP Sex Offender Program | Other: |
| ICE | Court recommends ICE begin removal proceedings immediately or during service of sentence | | ICE not applicable |

### SPECIAL CONDITIONS OF SUPERVISION

| | | | |
|---|---|---|---|
| | No re-entry without legal authorization | | Home confinement for ___ months ___ days |
| | Comply with ICE laws and regulation | X | Community service for 16 hours during supervised release. |
| X | Participate in/successfully complete outpatient subst abuse program/testing | X | Reside halfway house 6 months ___ days |
| | Participate in/successfully complete mental health program | | Register as sex offender |
| | Refrain from use/possession of alcohol/intoxicants | | Participate in sex offender treatment program |
| X | Submit to search of person/property | | Possess no sexual material |
| | No contact with victim(s) and/or co-defendant(s) | | No computer with access to online services |
| | No entering or loitering near victim's residence | | No contact with children under 18 years |
| | Provide financial information | | No volunteering where children supervised |
| X | Waive right of confidentiality and allow the treatment provider to release treatment records | | Restricted from occupation with access to children |
| X | Must not knowingly purchase, possess, distribute, administer, or otherwise use any psychoactive substances (e.g., synthetic marijuana, bath salts, etc.) that impair your physical or mental functioning, whether or not intended for human consumption. | | No loitering within 100 feet of school yards |
| | Must not possess, sell, offer for sale, transport, cause to be transported, cause to affect interstate commerce, import, or export any drug paraphernalia, as defined in 21 U.S.C. 863(d). | | If defendant is unemployed - Must participate in an educational or vocational services program and follow the rules and regulations of that program |
| | OTHER: | | |

| Fine: | $ 0 | Restitution: | $ 0 | |
|---|---|---|---|---|
| SPA: | $ 200 (100 per count) | Payment Schedule: | x Due Immediately | Waived |
| OTHER: | You must participate in a mental health treatment program and follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You may be required to pay all, or a portion, of the costs of the program.<br><br>You shall waive your right of confidentiality and allow the treatment provider to release treatment records to the probation officer and sign all necessary releases to enable the probation officer to monitor your progress. The probation officer may disclose the presentence report, any previous mental health evaluations and/or other pertinent treatment records to the treatment provider. | | | |

| | | | |
|---|---|---|---|
| | You must submit to substance abuse testing to determine if you have used a prohibited substance. Testing shall not exceed more than 60 test(s) per year. Testing may include urine testing, the wearing of a sweat patch, and/or any form of prohibited substance screening or testing. You must not attempt to obstruct or tamper with the substance abuse testing methods. You may be required to pay all, or a portion, of the costs of the testing.<br><br>You must not use or possess alcohol. You may be required to submit to alcohol testing that may include urine testing, a remote alcohol testing system, and/or an alcohol monitoring technology program to determine if you have used alcohol. Testing shall not exceed more than four test(s) per day. You must not attempt to obstruct or tamper with the testing methods. You may be required to pay all, or a portion, of the costs of the testing.<br><br>You must not communicate, or otherwise interact, with any known gang member, Sovereign Citizen, or antigovernment organization, without prior approval of the probation officer.<br><br>You must not threaten or harass any individual or entity, through written, verbal or electronic communications. | | |
| | Advised of Right to Appeal | | Waived Appeal Rights per Plea Agreement |
| **X** | Held in Custody | | Voluntary Surrender |
| | Recommended place(s) of incarceration: | | |
| | Dismissed Counts: | | |

| | |
|---|---|
| OTHER COMMENTS: | 1:24 PM  Court calls case, counsel enter appearances.  Court notes that Memorandum Opinion and Order was filed in present matter this afternoon.  Court reviews documents filed recently by Defendant, queries Defendant as to whether he wishes for Court to consider any of these.  Defendant addresses the Court, reads prepared statements.  AUSA Mysliwiec addresses the Court in response to matters discussed by Defendant, references Court's Opinion and findings.  1:44 PM  Court permits Defendant to have last word on his papers and filings.  Defendant addresses Court.  1:51 PM  Court denies motions to dismiss for lack of subject matter jurisdiction and due process violations.  Court indicates will proceed with sentencing.  Court addresses Defendant regarding documents prepared by Probation in instant matter.  Court notes that Defendant filed objections as to PSR, which suggests that Defendant has reviewed same.  Defense Counsel addresses the Court regarding Defendant's legal theories, indicates objects based on understanding of Defendant's position as to same.  Defense Counsel states no further objections.  Court notes that Defense Counsel filed Motion for downward departure, invites to take up Motion.  Defense Counsel addresses Court as to same, argues in favor of Motion.  Defense Counsel references diagnoses of respective mental health providers who completed evaluations.  2:06 PM  Court invites AUSA Mysliwiec to address the Court in response to Defense Counsel's Motion.  AUSA Mysliwiec addresses the Court in response to Motion, references relevant finding required to sustain same.  Court notes has considered Defendant's mental health issues, states belief that Defendant's issues relate more to personality disorder.  Court will deny motion for downward departure as does not feel it is warranted in this case as diminished capacity is not implicated.  Court addresses Defendant, invites Defendant to address the Court.  Defendant addresses the Court.  AUSA Mysliwiec addresses the Court regarding sentence requested and upward variance sought.  Court states sentence.  Counsel decline to provide further comment.  Court addresses Defendant, advises of rights to appeal.  Court addresses Defendant, Defendant confirms understanding of appeal rights.  Court addresses the Defendant.  Court in Recess: 2:36 pm |